## FIRCHAU *v.* FOSTER.

1. MASTER AND SERVANT—COMMISSIONS—PROCUREMENT OF ORDERS.
   Jury's finding plaintiff entitled to commissions on orders procured before his employment with defendant was terminated although orders were received and merchandise was shipped thereafter is not disturbed, where testimony supported plaintiff's claim that it was his individual effort which produced the orders eventually received and filled.

2. TRIAL—ARGUMENT TO JURY—INTEMPERATE OUTBURSTS.
   Intemperate outburst of plaintiff's counsel in his closing argument wherein he characterized 1 of the defendants as a leech and a parasite, found by the trial judge not to have constituted prejudicial error, *held*, not to have resulted in reversible error, where the language used did not evince a studied purpose to inflame or prejudice the jury and verdict rendered indicated jury had not been impressed by the verbal slash.

3. COSTS—BRIEFS.
   No costs are allowed upon affirmance of judgment, where appellee neither appeared nor filed briefs in the Supreme Court.

REFERENCES FOR POINTS IN HEADNOTES

[1]  35 Am Jur, Master and Servant §§ 70, 73, 79.
[2]  53 Am Jur, Trial § 502.
[3]  14 Am Jur, Costs §§ 91, 92.

Appeal from Berrien; Zick (Karl F.), J. Submitted November 9, 1962. (Calendar No. 67, Docket No. 49,144.) Decided September 4, 1963.

Assumpsit by Robert E. Firchau against William G. Foster and R. W. Roe, a copartnership doing business as The Foster Company, for sales commissions. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Ryan & McQuillan (James B. McQuillan,* of counsel), for defendants.

SMITH, J. This is an appeal from an order denying motion to set aside or reduce a jury verdict rendered in favor of plaintiff. Plaintiff claimed in his declaration that on or about April 10, 1955, after working for defendants for slightly more than a year, the parties agreed that in lieu of a previous salary-plus arrangement, defendants would pay plaintiff 15% "of the gross value of all accounts and orders which plaintiff had obtained and would obtain" for defendants "in the year 1955."

Defendants, who are appellants, framed the following issues for appeal (plaintiff filed no brief):

1. Did the trial court err in permitting testimony covering sales allegedly made by plaintiff or his employer, defendants, subsequent to June 23, 1955, beyond which date plaintiff by his declaration claimed no commission?

2. Did plaintiff's counsel at the end of his closing statement prejudice and inflame the jury, thereby materially affecting the verdict, in referring to defendant Robert W. Roe as a leech and a parasite and that he was trying to suck the blood of plaintiff, or words to that effect?

The first question, of course, is a proof versus pleading issue. Plaintiff filed his declaration, which

claimed, among other things, $11,450, as commissions due on sales made in 1955. After pretrial discovery, plaintiff filed a separate bill of particulars amending the claim of commissions to $5,685.09. The jury verdict was for this amount; it rejected other claims of plaintiff.

Defendants say when plaintiff proceeded to trial, his claim, insofar as a 15% commission was concerned, was limited to total gross sales turned in by plaintiff from January 1, 1955, to June 23, 1955 (the latter being date plaintiff alleges his employment was terminated). Defendants' claim is based upon portions of paragraph 13 of the declaration and on paragraph 1C of the pretrial conference memorandum. The portion of paragraph 13 cited by defendants reads as follows: "15% of total gross sales turned in by plaintiff from January 1, 1955, to June 23, 1955—$11,450." Pretrial memorandum referred to was made by a judge who was not the trial judge in this case. Paragraph 1C of the memorandum is expressed as follows, "1. The principal issues, in this case are:   *   *   *   C. If such contract existed, the amounts due plaintiff thereunder as at present specified in paragraph 13 of plaintiff's declaration." Plaintiff's separate bill of particulars listed a substantial number of invoices bearing dates from and after June 23, 1955, the latest being March 6, 1956. Plaintiff testified that all of the sales indicated by the invoices were obtained by his efforts before his employment was terminated on or about June 23, 1955.

We do not view, so narrowly as do defendants, the scope of paragraph 13 of the declaration, either standing alone, or as alluded to in the pretrial memorandum. Paragraph 13 expresses, in pertinent part, merely a claim for commissions on sales "turned in" by plaintiff between January 1, 1955, and

June 23, 1955. As the trial judge wrote in his opinion on the motion "to fully understand this matter it must be pointed out that the plaintiff was claiming 15% commission on all the gross of all the accounts secured by plaintiff from and after April 8, 1955, to June 23, 1955, irrespective of what dates the orders were ultimately received and the merchandise shipped, the plaintiff claiming that it was through his individual efforts, including personal contacts that the orders were eventually received and filled." This is the thrust of both the separate bill of particulars and testimony adduced in support thereof. Neither to the separate bill of particulars, enumerating each single invoice (its number, date and amount), nor to testimony adduced in support thereof, was a valid objection made by defendants. Despite defendants' contention, on this, the record is clear. Defendants merely sought to contravene plaintiff's proof, and the jury found for plaintiff. We find no reason to disturb.

As to the second issue, it appears that plaintiff's counsel, towards the end of his closing argument, referred to defendant Roe as a leech and a parasite, et cetera. Many intemperate outbursts, such as this, are made every day, unfortunately. The common experience seems to be that such breaches of good manners are more detrimental to the actor than the accused. We said in *Smith* v. *Jennings,* 121 Mich 393, 397,

"Counsel may, acting on their own judgment as to propriety and good taste, discuss the character of witnesses, the probability of the truth of testimony given on the stand, and may, when there is any reasonable basis for it, characterize testimony."

But where language is such as evinces a studied purpose to inflame or prejudice the jury, based upon facts not in the case, this Court has not hesitated to

reverse. *Cluett* v. *Rosenthal,* 100 Mich 193, 200 (43 Am St Rep 446). The trial judge, in the instant case, found that the remarks did not constitute prejudicial error. We agree. In its brevity, it exhibits no studied purpose to inflame the jury. If this were counsel's intention, it fell far short of the mark. The jury appeared unimpressed with counsel's verbal slash. In reporting the verdict, the record shows that the jury foreman calmly expressed rejection of a portion of plaintiff's claim, while approving the segment under contest. We decline to interfere.

Affirmed. No costs, appellee not having appeared or filed briefs in this Court.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

O'HARA, J., took no part in the decision of this case.