PEOPLE v DENMARK

1. Rape—First-Degree Criminal Sexual Conduct—Constitu-
   tional Law—Standing—Position of Authority—Statutes.

   A defendant convicted of first-degree criminal sexual conduct does
   not have standing to make a constitutional challenge, for
   vagueness, of the term "in a position of authority" in Michi-
   gan's criminal sexual conduct statute where the defendant was
   not charged under that portion of the statute (MCLA
   750.520b[1][b]; MSA 28.788[2][1][b]).

2. Rape—Criminal Sexual Conduct—Statutes—Constitutional
   Law—Vagueness—Affinity.

   Failure of the Legislature to define the term "affinity" in a
   criminal sexual conduct statute does not make the statute
   unconstitutionally vague because (1) the term is neither an
   unusual nor esoteric word, and (2) the statute does not use the
   term in an uncommon or extraordinary context (MCLA
   750.520b[1][b]; MSA 28.788[2][1][b]).

3. Witnesses—Rape—Testimony—Corroboration—Criminal Sex-
   ual Conduct—Victim—Statutes.

   The testimony of the victim of criminal sexual conduct need not
   be corroborated in a prosecution for any offenses from first-
   degree sexual conduct through assault with intent to commit
   criminal sexual conduct (MCLA 750.520b–750.520h; MSA
   28.788[2]–28.788[8]).

---

References for Points in Headnotes

[1, 2, 8, 10] 16 Am Jur 2d, Constitutional Law § 552.

[3, 4] 65 Am Jur 2d, Rape §§ 94–99.

[5, 15] 65 Am Jur 2d, Rape §§ 70–75.

[6] 65 Am Jur 2d, Rape § 53.

[7, 9, 16] 65 Am Jur 2d, Rape § 3.

[9] What constitutes penetration in prosecution for rape or statutory
    rape. 76 ALR3d 163.

[11] 73 Am Jur 2d, Statutes § 97 et seq.

[12] 29 Am Jur 2d, Evidence §§ 523–596.

[13, 14] 76 Am Jur 2d, Trial § 1072 et seq.

[17] 21 Am Jur 2d, Criminal Law § 110.

4. RAPE—RESISTANCE BY VICTIM—FIRST-DEGREE CRIMINAL SEXUAL CONDUCT—ASSAULT—STATUTES.

A victim of criminal sexual conduct need not prove resistence in prosecutions under the statute for any offenses from first-degree criminal sexual conduct through assault with intent to commit criminal sexual conduct (MCLA 750.520b–750.520g, 750.520i; MSA 28.788[2]–28.788[7], 28.788[9]).

5. RAPE—EVIDENCE—CRIMINAL SEXUAL CONDUCT—PAST SEXUAL CONDUCT OF VICTIM.

The admission of evidence of a victim's past sexual conduct is limited in a prosecution for criminal sexual conduct.

6. RAPE—EVIDENCE—MODIFICATION OF RULES—COMMON-LAW RULES —LEGISLATIVE AUTHORITY—CRIMINAL SEXUAL CONDUCT—STATUTES—COURT RULES.

The Legislature has the authority to modify common-law rules of evidence; therefore the evidentiary sections of the criminal sexual conduct act stand as a legitimate exercise of legislative authority until superceded by court rule or unless found to have constitutional defects (GCR 1963, 16, 601).

7. RAPE—BINDING OVER OF DEFENDANT—FIRST-DEGREE CRIMINAL SEXUAL CONDUCT—FORCE—AFFINITY—DIRECTED VERDICT—APPEAL AND ERROR—STATUTES.

Binding over a defendant on a second count of first-degree criminal sexual conduct because of a defendant's use of force to accomplish sexual penetration in addition to a count of engaging in sexual penetration with a person 13 to 16 years of age who was within the fourth degree of affinity to the defendant arising out of the same incident was harmless error if error at all, where at the close of the prosecution's case in chief the court granted the defendant's motion for a directed verdict on the second count (MCLA 750.520b [1] [b], 750.520b[1] [f]; MSA 28.788[2] [1] [b], 28.788[2] [1] [f]).

8. CONSTITUTIONAL LAW—STATUTES—VAGUENESS.

A person challenging a statute as unconstitutionally vague must show that the statute is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case.

9. RAPE—CRIMINAL SEXUAL CONDUCT—STATUTES—SEXUAL PENETRATION—DEFINITIONS.

Sexual penetration is defined by statute as sexual intercourse,

cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening of another person's body, but emission of semen is not required (MCLA 750.520a[h]; MSA 28.788[1] [h]).

10. CONSTITUTIONAL LAW—STATUTES—VAGUENESS—CASE AT HAND— FIRST AMENDMENT RIGHTS.

A challenge to a statute on its face for reasons of vagueness must be examined in relation to the facts of the case at hand where no First Amendment rights are involved.

11. CONSTITUTIONAL LAW—STATUTES—CRIMINAL SEXUAL CONDUCT— TITLE-OBJECT CLAUSE.

The criminal sexual conduct statute does not violate the title-object clause of the Michigan Constitution by embracing more than one object because the procedural provisions of the statute are germane, auxiliary or incidental to the statute's objective and the title to an act should be given a broad reading and need not index all of the contents of the act (Const 1963, art 4, § 24, MCLA 750.520a *et seq.;* MSA 28.788[1] *et seq.).*

12. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—FACTUAL DETER-MINATION—JUDGES—WALKER HEARING—APPEAL AND ERROR.

The determination of whether a confession was voluntary is a factual question for the judge and the sole purpose of a *Walker* hearing is to determine the fact of voluntariness and a review-ing court is only concerned with the correctness of that deter-mination.

13. APPEAL AND ERROR—MOTIONS—MISTRIAL—DISCRETION.

A trial court's denial of a motion for a mistrial will not be reversed unless it is demonstrated that such a denial consti-tuted an abuse of discretion.

14. RAPE—MISTRIAL—DISCRETION—CRIMINAL SEXUAL CONDUCT—EVI-DENCE—HEARSAY—MEDICAL EXPERT.

There was no abuse of a trial court's discretion in its refusal to grant a defendant's motion for a mistrial in the defendant's trial on a charge of criminal sexual conduct because of hearsay testimony by the prosecution's medical expert that a patholo-gist had found sperm present in a vaginal smear that the medical expert had taken from the complainant where (1) the hearsay testimony was immediately objected to and the objec-tion was sustained, (2) the trial judge later instructed the jury to disregard the testimony which he had ruled to be inadmissi-

ble, (3) the defendant did not request a specific instruction in regard to the hearsay testimony, (4) there was ample proof of penetration, and (5) proof of ejaculation was not necessary for the charged crime.

15. WITNESSES—RAPE—CONTRADICTORY STATEMENTS—PERJURY—IN-STRUCTIONS TO JURY.

A complainant's contradictory statements about prior sexual conduct did not entitle a defendant, charged with first-degree criminal sexual conduct, to a jury instruction that the complainant was a perjurer.

16. RAPE—CRIMINAL SEXUAL CONDUCT—INSTRUCTIONS TO JURY—AT-TEMPTED PENETRATION—STATUTES.

An instruction to the jury on attempted penetration where the charged crime is first-degree criminal sexual conduct is not appropriate where a statute provides for, and the court instructs on, a lesser charge of second-degree criminal sexual conduct; a charge in the second degree applies where there is proof of contact rather than penetration (MCLA 750.520c; MSA 28.788[3]).

17. CRIMINAL LAW—ATTEMPTS—STATUTES—COMPLETED OFFENSE.

The general attempt statute is applicable only where no express provision for attempt exists in the statute on which the completed offense is based (MCLA 750.92; MSA 28.287).

Appeal from Grand Traverse, Charles M. Forster, J. Submitted November 5, 1976, at Grand Rapids. (Docket No. 26069.) Decided March 29, 1977.

Sam E. Denmark was convicted of first-degree criminal sexual conduct. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael J. Houlihan,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

*Michael D. Lewis,* for defendant.

Before: Bronson, P. J., and J. H. Gillis and V. J. Brennan, JJ.

V. J. Brennan, J. Defendant Sam Edward Denmark was convicted on August 25, 1975, in Grand Traverse County Circuit Court of first-degree criminal sexual conduct contrary to MCLA 750.520b(1)(b); MSA 28.788(2)(1)(b). On September 5, 1975, he was sentenced to serve from 2 to 15 years in prison and was credited with 82 days spent in county jail prior to sentencing. He appeals as of right.

The facts giving rise to this prosecution are not complicated. On June 14, 1975, defendant and his wife Janet stopped at her parents' residence in Traverse City. In the afternoon, defendant, his wife and his wife's younger sister Linda went fishing. Linda, complainant in this case, was 13 years old at the time, and resided with defendant's in-laws at their home in Traverse City.

After returning from fishing, arrangements were made with defendant's in-laws to enable defendant and his wife to attend a drive-in movie, after which they were to return to pick up their fish. During the movie, defendant became somewhat inebriated. Defendant experienced car trouble on the way home from the movie and left his wife in the car while he walked to his in-laws' house to get help. Defendant apparently arrived at his in-laws' house after 1 o'clock in the morning on June 15, 1975.

Upon arrival, defendant went to the room where Linda was sleeping and proceeded to have intercourse with her against her will. The victim informed her parents of defendant's assault immediately after he left the premises. Her parents contacted the state police. A state trooper escorted Linda to the hospital where she was examined and

released. Defendant was arrested on the same day the offense occurred. While in custody, and after being informed of his rights, defendant confessed his responsibility for the crime.

At his preliminary examination, at trial, and now on appeal, defendant raises several constitutional and procedural challenges to the statute under which he was charged. We will discuss each one.

Defendant initially argues that MCLA 750.520b(1)(b); MSA 28.788(2)(1)(b) is unconstitutionally vague. We do not believe so.

MCLA 750.520b(1)(b); MSA 28.788(2)(1)(b) reads as follows:

"(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

"(b) The other person is at least 13 but less than 16 years of age and the actor is a member of the same household as the victim, the actor is related to the victim by blood or affinity to the fourth degree to the victim, or the actor is in a position of authority over the victim and used this authority to coerce the victim to submit."

Count I of the amended information under which defendant was charged reads:

"I. did engage in sexual penetration with another person, to-wit: Linda Kay Schopieray, said defendant being related to the victim by blood or affinity to the fourth degree; Contrary to Sec. 750.520b(1)(b), C.L. 1970; MSA 28.788(2)(1)(b)."

Count II was added at the conclusion of the

preliminary examination at the district court's suggestion and alleges that defendant used force or coercion to accomplish penetration. MCLA 750.520b(1)(f); MSA 28.788(2)(1)(f).

Defendant contends that the new criminal sexual conduct statute defines neither the term "affinity" nor the phrase "in a position of authority". As a consequence, defendant could not know in advance that his alleged intercourse with the prosecuting witness was a criminal offense, thereby demonstrating that the statute is unconstitutionally vague. We do not subscribe to this theory.

Defendant does not have standing to assert that the phrase "in a position of authority" is unconstitutionally vague because he was not charged under that language. *People v Conville,* 55 Mich App 251, 254–255; 222 NW2d 312 (1974).

The term "affinity" is neither an unusual nor esoteric word; nor does the statute use the term in an uncommon or extraordinary context. Our courts have provided clear, legal definition of the concept on numerous occasions:

> "An examination of authorities had led to the conclusion that the doctrine of affinity relationship should be limited by the following rule: Affinity is the relation existing in consequence of marriage between each of the married persons and the blood relatives of the other, and the degrees of affinity are computed in the same way as those of consanguinity or kindred. A husband is related, by affinity, to all the blood relatives of his wife, and the wife is related, by affinity, to all the blood relatives of the husband." *Bliss v Caille Brothers Co,* 149 Mich 601, 608; 113 NW 317 (1907).

We also find that intercourse with a female under 16 years of age has been a crime prior to the enactment of the new statute. 1952 PA 73;

MCLA 750.520; MSA 28.788. Under the new statute, intercourse with a female between the ages of 13 and 16 always amounts to at least third-degree criminal sexual conduct, even absent "affinity" or one of the other circumstances increasing the crime to criminal sexual conduct in the first degree. MCLA 750.520d; MSA 28.788(4). Consequently, we see little merit to the position that defendant lacked adequate notice under the new statute because of the unconstitutional vagueness assigned the word "affinity". See generally *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976).

Defendant next contends that the trial court committed reversible error in denying his motion to quash because the provisions of 1974 PA 266; MCLA 750.520a *et seq.;* MSA 28.788(1) *et seq.,* modify prior rules of evidence with respect to rape cases. Defendant's claim is that the Legislature is without authority to modify rules of evidence, a function said to be exclusively within the province of the judiciary, and that the new statute is consequently unconstitutional.

Three sections of the new act affect evidentiary questions in prosecutions for criminal sexual conduct.

MCLA 750.520h; MSA 28.788(8) provides that the testimony of the victim need not be corroborated in prosecutions for any offenses charged under sections MCLA 750.520b; MSA 28.788(2) to MCLA 750.520g; MSA 28.788(7)—that is, any charge from first-degree criminal sexual conduct through assault with intent to commit criminal sexual conduct. Under MCLA 750.520i; MSA 28.788(9), a victim need not prove resistance in prosecutions brought for offenses under MCLA 750.520b; MSA 28.788(2) to MCLA 750.520g; MSA 28.788(7). MCLA 750.520j; MSA 28.788(10) limits

the admission of evidence of the victim's past sexual conduct in prosecutions under MCLA 750.520b; MSA 28.788(2) to MCLA 750.520g; MSA 28.788(7).

Defendant's argument that the Legislature does not have the authority to modify common-law rules of evidence is without merit. Such authority is expressly granted by GCR 1963, 16, and recognized in GCR 1963, 601. The evidentiary sections of the criminal sexual conduct act stand as a legitimate exercise of legislative authority until superceded by court rule, *Perin v Peuler (On Rehearing),* 373 Mich 531; 130 NW2d 4 (1964), GCR 1963, 16, or unless found to have constitutional defects.

Defendant alleges the district court erred reversibly by binding him over on an additional count under MCLA 750.520b(1)(f); MSA 28.788(2)(1)(f). We disagree.

The original complaint charged defendant with violation of MCLA 750.520b(1)(b); MSA 28.788(2)(1)(b), which was previously statutory rape with the added factor of a special relationship between the victim and the accused. During the preliminary examination, complainant Linda Schopieray testified that defendant hit and threatened her. Defendant placed nothing in evidence to refute the testimony of the victim. At the conclusion of the preliminary examination, the district judge suggested the inclusion of an additional count under MCLA 750.520b(1)(f); MSA 28.788(2)(1)(f), which requires use of force to accomplish penetration. In his discretion, the prosecutor acted on this suggestion and added the second count. *People v Matulonis,* 60 Mich App 143, 149; 230 NW2d 347 (1975).

We believe defendant was acquainted enough

with the proceedings to be aware of the criminal sexual conduct alleged in the second count. We also do not believe the district court abused its discretion by failing to require prosecution to elect between the counts. *People v Stinson,* 58 Mich App 243, 259; 227 NW2d 303 (1975).

However, we need not reach these questions because of later developments at trial. At the close of prosecution's case in chief, defendant moved for a directed verdict on the second count. The trial court granted defendant's motion on grounds that no physical injury to the victim had been shown. Consequently, we have found such error harmless beyond a reasonable doubt in similar circumstances in a bench trial. *People v Oster,* 67 Mich App 490, 498–499; 241 NW2d 260 (1976). We see no prejudice in the context of a jury trial which would prevent us from applying the same principle here. We find no reversible error.

Defendant next argues that the definition of "penetration" contained in MCLA 750.520a(h); MSA 28.788(1)(h) is unconstitutionally vague. We do not believe so.

In order to challenge statutory language as unconstitutionally vague, the following must be shown:

" 'A law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide without any legally fixed standards, what is prohibited and what is not in each particular case.' *Giaccio v Pennsylvania,* 382 US 399, 402; 86 S Ct 518, 520; 15 L Ed 2d 447, 450 (1965)." *People v Otis Adams,* 34 Mich App 546, 549; 192 NW2d 19 (1971), *aff'd in part, rev'd in part,* 389 Mich 222; 205 NW2d 415 (1973).

Sexual penetration is defined under the statute as:

"sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCLA 750.520a(h); MSA 28.788(1)(h).

On the basis of the complaining witness's testimony and defendant's confession, we have no trouble sustaining the jury finding that defendant had sexual intercourse with complainant. In his instruction, the trial court defined penetration in those terms:

"The third element is sexual penetration. By sexual penetration we mean sexual intercourse, however slight, of any part of a person's body into the genital opening of another person's body."

We believe defendant and jury were adequately informed on the element of penetration. We also believe the standard set by the definition of penetration is not so vague as to leave the public without a concrete estimate of its legal meaning. See *Kalita v Detroit,* 57 Mich App 696, 700–703; 226 NW2d 699 (1975).

We also note that prior law closely paralleled the new statute by use of the concept of penetration. *People v Kirtdoll,* 391 Mich 370, 394; 217 NW2d 37 (1974), *People v Harper,* 43 Mich App 500, 509; 204 NW2d 263 (1972).

Finally, because no First Amendment right is involved here, any challenge to the statute on its face for reasons of vagueness must be examined in relation to the facts of the case at hand. *People v*

*Howell, supra,* at 21. We feel the facts of this case do not outweigh the right of the Legislature to enact such provisions under its general police power. We do not find the term "penetration", as defined by the new act, unconstitutionally vague.

Defendant next complains that the criminal sexual conduct statute violates the Michigan Constitution of 1963, art 4, § 24 by embracing more than one object. We do not agree.

The apparent legislative purpose of 1974 PA 266 was to proscribe forms of criminal sexual conduct. Pursuant to that purpose the act contains subsections dealing with corroboration, MCLA 750.520h; MSA 28.788(8); proof of resistance, MCLA 750.520i; MSA 28.788(9); and admissibility of evidence, MCLA 750.520j; MSA 28.788(10).

We have found these provisions do not impermissibly modify prior rules of evidence. We also find they do not violate Const 1963, art 4, § 24. The title to an act should be given a broad reading and need not index all the contents in the act. *People v Milton,* 393 Mich 234, 241; 224 NW2d 266 (1974). In *Milton,* the Court held:

> "When passing new legislation, the Legislature is free either to enact an entirely new and independent act or amend *any* act to which the subject of the new legislation is 'germane, auxiliary or incidental'.
>
> * * *
>
> "Not infrequently there will be a number of existing acts to which the new legislation would be germane, auxiliary or incidental. The legislative choice will not be held invalid merely because an alternative location for the new legislation might appear to some more appropriate." (Footnotes omitted.) *People v Milton, supra,* at 241.

We believe the procedural provisions are "ger-

mane, auxiliary or incidental" to the object intended. We find no constitutional error.

Reversible error is alleged because the trial court refused to suppress defendant's confession. We disagree.

The determination of whether a confession was voluntary is a factual question for the trial judge. *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972). The sole purpose of a *Walker* hearing is to determine the fact of voluntariness and a reviewing court is only concerned with the correctness of that determination. See *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

The record reflects that defendant was informed of his rights on two separate occasions. Defendant testified he was literate and had finished the ninth grade. He also testified that no threats or inducements of any kind were employed by the police. He further testified that he read his typewritten statement carefully and found no inaccuracies. Defendant never informed the police about his feeling he was not entitled to an attorney and eventually admitted he understood he was entitled to one.

Under these circumstances, we feel the trial court correctly denied defendant's motion to suppress the confession.

Defendant next contends the trial court erred by refusing to grant his motion for mistrial after prosecution's medical expert testified she had taken a vaginal smear from complainant and pathologist had found sperm present.

The measure by which we judge denial of a motion for mistrial has been stated in the following way:

"The trial court's denial of a motion for a mistrial will not be reversed unless it is demonstrated that such a denial constituted an abuse of discretion." *People v Coffman,* 45 Mich App 480, 487; 206 NW2d 795 (1973).

Dr. Esslinger was the physician who conducted the examination of the complaining witness. The prosecutor asked the witness if she had made any findings regarding the presence of sperm. The witness answered that she had and stated that she had taken a smear from the complainant. The smear had been examined by a pathologist and found to contain sperm. The trial court sustained an objection by defendant. Plaintiff next called Dr. Tang, the pathologist who analyzed the smear. When he began testifying about the results, defendant objected on the basis the chain of evidence had not been established. The objection was sustained. While being processed, the slide had been in custody of a nurse, and the trial court felt the nurse would be required to testify before the pathologist's testimony could be admitted. Prosecution rested its case at this point, and defendant moved for mistrial due to Dr. Esslinger's testimony.

We do not find an abuse of discretion in the court's denial. Dr. Esslinger's statement that a pathologist had found sperm, though hearsay, was immediately objected to and the objection was sustained. The trial judge later instructed the jury to disregard evidence and testimony which he had ruled to be inadmissible. Defendant did not request a specific curative instruction in regard to this hearsay statement. Finally, there was ample proof of penetration by the victim's testimony and defendant's confession. Proof of ejaculation is not necessary. We find no miscarriage of justice. MCLA 769.26; MSA 28.1096. *People v Christensen,*

64 Mich App 23, 32; 235 NW2d 50 (1975), *People v Robinson, supra,* at 563.

Defendant argues lastly the trial judge erred by denying jury instructions stating (1) complainant was an admitted perjurer whose testimony should be discounted and (2) defendant could be convicted of "attempted penetration". No error exists here.

We do not believe complainant's contradictory statements about prior sexual conduct entitled defendant to an instruction that she was a perjurer. *People v Longaria,* 333 Mich 696, 699; 53 NW2d 685 (1952).

Neither do we believe an instruction on "attempted penetration" is appropriate where the statute itself provides for, and the court instructs on, the lesser charge of second-degree criminal sexual conduct; MCLA 750.520c; MSA 28.788(3). A charge in the second degree applies where there is only proof of contact, rather than penetration. Evidence in this case would support no other charge. We find applying the general attempt statute is proper only where no express provision for attempts exists in the statute charged. MCLA 750.92; MSA 28.287. See *People v Richard Banks,* 51 Mich App 685, 688, 692; 216 NW2d 461 (1974).

Having reviewed all allegations of error and finding them without merit, we sustain the judgment in the trial court.

Affirmed.