FLINN v SUN OIL COMPANY

Docket No. 78-2708. Submitted January 7, 1980, at Detroit.—Decided
    March 5, 1980. Leave to appeal applied for.

Robert Flinn was killed by an explosion of propane gas. Dorothy
    A. Flinn, as administratrix of his estate, brought a breach of
    warranty action against Sun Oil Company and Karl Roland,
    who were the manufacturer and supplier of the gas. A jury
    returned a verdict of no cause of action in favor of defendants.
    Judgment for defendants, Wayne Circuit Court, Joseph G.
    Rashid, J. Plaintiff appeals. On appeal, plaintiff alleges that the
    trial court's denial of her motion for a mistrial and refusal to
    give a requested cautionary instruction after defense counsel's
    closing argument were reversible error, that error was commit-
    ted by failing to give a cautionary instruction "that there is no
    necessity for any showing of fault on behalf of Sun Oil Com-
    pany", that the trial court committed other instructional error
    and abused its discretion in denying plaintiff's request to read
    selected portions of a witness's deposition testimony on rebut-
    tal. *Held:*

    1. Counsel's references to fault were really comments on the
    element of a defect in defendant's product, a recognized ele-
    ment in a breach of warranty case. Reference to plaintiff's fault
    was actually a reference to misuse or abuse of product, a
    recognized defense in breach of warranty cases. Use of the word
    "fault" under these circumstances is permissible. Denial of
    plaintiff's motion for a mistrial was not an abuse of discretion.

    2. The concept of fault has not been eliminated in breach of
    warranty cases. Fault is represented by the element of defect
    and the fault, supplying a defective product, is the defect.
    Therefore, plaintiff's requested curative instruction was not a
    proper statement of the law. The definition of implied warranty

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trials §§ 234, 259.
[2] 63 Am Jur 2d Products Liability §§ 91-98.
[3] 5 Am Jur 2d, Appeal and Error § 810.
[4] 23 Am Jur 2d, Depositions and Discovery § 104.

in itself conveys the concept of fault. Refusing to give plaintiff's requested instruction was not error.

3. Plaintiff's other allegations of instructional error do not merit reversal. A review of the instructions in their entirety shows that the theories of the parties and the applicable law were fairly presented.

4. There was no abuse of trial court discretion in denying plaintiff's request to read selected portions of a witness's deposition on rebuttal.

Affirmed.

1. APPEAL — MOTIONS — MISTRIAL — DISCRETION.

Denial of a motion for a mistrial will not be reversed on appeal unless it is demonstrated that such a denial constituted an abuse of the trial court's discretion.

2. PRODUCTS LIABILITY — BREACH OF WARRANTY — FAULT — DEFECTS — DEFECTIVE PRODUCTS.

The concept of fault has not been eliminated in breach of warranty cases, it is represented by the element of defect; the fault (supplying a defective product) is the defect.

3. APPEAL — INSTRUCTIONS TO JURY — THEORIES OF PARTIES — APPLICABLE LAW — FAIR PRESENTATION.

Jury instructions are considered in their entirety and where the theories of the parties and the applicable law are fairly presented to the jury the Court of Appeals will not find reversible error.

4. EVIDENCE — DEPOSITIONS — ADMISSIBILITY — REBUTTAL TESTIMONY — JUDICIAL DISCRETION.

The admission of deposition testimony is discretionary and it may be a proper exercise of judicial discretion to refuse to admit selected portions of a witness's deposition testimony on rebuttal.

*Lakin & Worsham, P.C.,* and *Bruce T. Leitman, P.C.,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Jeannette A. Paskin),* for defendants.

Before: V. J. BRENNAN, P.J., and M. F. CAVANAGH and CYNAR, JJ.

PER CURIAM. This is a products liability case in which a circuit court jury returned a verdict of no cause of action in favor of defendants. The plaintiff appeals by right, GCR 1963, 806.1.

Plaintiff's deceased was a supervisor for Chase Company when he was killed by an explosion of propane gas. This gas was supplied by defendant Roland's Gas and Oil and manufactured by defendant Sun Oil. At the time of the accident, the deceased was working on the construction of a water tower. Pursuant to this project, a large concrete vault was built as a storage tank. After this vault was poured with concrete, the deceased, with two co-workers, lit a plumber's torch attached to a tank of propane gas and inserted it into the vault to "cure" or dry the cement. The vault was then covered with tarpaulin and weights to keep the tarp in place.

The facts immediately surrounding the explosion were not known. Two of the decedent's co-workers talked to Flinn prior to the accident when they heard an explosion. They later found his body.

The plaintiff initially claimed both negligence and breach of warranty. She alleged that the propane gas supplied by defendant Roland's and manufactured by defendant Sun Oil was either unodorized or insufficiently odorized so that it would not be detected in case of leakage. She also alleged that defendant Sun Oil breached its duty to warn decedent of the dangerous properties of propane gas. However, at trial the plaintiff withdrew her negligence claim and proceeded solely under breach of warranty.

The plaintiff raises three issues on appeal. First, the plaintiff asserts that the trial court's actions of denying plaintiff's motion for mistrial and refusing to give plaintiff's requested cautionary instruction

after defense counsel's closing argument were reversible error.

The plaintiff argues that certain remarks by defense counsel injected an element, fault, which was not properly before the jury. The plaintiff reasons that fault is an element of negligence, but since plaintiff's claim was based on breach of warranty and not negligence, plaintiff did not have to prove fault on behalf of defendant. Plaintiff further argues that the decedent's fault was not before the jury since, plaintiff reasons, fault connotes negligence and contributory negligence is not a defense to breach of warranty.

The standard of review for a lower court's denial of a motion for mistrial was stated in *People v Denmark,* 74 Mich App 402, 415; 254 NW2d 61 (1977):

" 'The trial court's denial of a motion for a mistrial will not be reversed unless it is demonstrated that such a denial constituted an abuse of discretion.' *People v Coffman,* 45 Mich App 480, 487; 206 NW2d 795 (1973)."

After reviewing the facts in this case we find that the trial court did not abuse its discretion in denying defendant's motion for mistrial. Here, it appears that counsel's references to "fault" were really comments on the element of a "defect" in defendant's product, a recognized element in a breach of warranty case. *Holloway v General Motors Corp,* 399 Mich 617, 624-625; 250 NW2d 736 (1977), *Kupkowski v Avis Ford, Inc,* 395 Mich 155, 160-161; 235 NW2d 324 (1975). Furthermore, the reference to plaintiff's fault was actually a reference to misuse or abuse of product, a recognized defense in breach of warranty cases and one which was supported by the facts in this case. *Barefield v LaSalle Coca-Cola Bottling Co,* 370 Mich 1, 5; 120 NW2d 786 (1963), *Kujawski v Cohen,* 56 Mich App 533; 224 NW2d 908 (1974), *lv den* 394 Mich 772 (1975).

The plaintiff next argues that the trial court committed reversible error by failing to give a cautionary instruction to the jury "that there is no necessity for any showing of fault on behalf of Sun Oil Company". The court refused to give this instruction on the ground that "the definition of implied warranty in itself conveys that concept".

In this case, as stated in *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708, 713; 202 NW2d 727 (1972), *lv den* 388 Mich 812 (1972), the concept of fault has not been eliminated in breach of warranty cases, it is represented by the element of defect. Defendant's fault is the defect, supplying a defective product. Accordingly, plaintiff's requested curative instruction was not a proper statement of the law.

It is also asserted by plaintiff that the trial court committed reversible error by (a) charging the jury regarding the defense of abuse or misuse of product; (b) refusing to charge the jury regarding failure to warn; (c) charging the jury that defendant Sun Oil had a right to rely on its product being used in a reasonable and foreseeable manner; and (d) refusing to give plaintiff's requested instruction on "customary practice".

We find, in viewing the charge in its entirety, that the parties' theories and the applicable law were fairly presented. *Berlin v Snyder,* 89 Mich App 38; 279 NW2d 322 (1979), *Coon v Williams,* 4 Mich App 325; 144 NW2d 821 (1966), *lv den* 378 Mich 752 (1967).

Finally, we find no abuse of discretion in the trial court's denial of the plaintiff's request to read selected portions of witness Thomas's deposition on rebuttal. See *Moldovan v Allis Chalmers Manufacturing Co,* 83 Mich App 373; 268 NW2d 656 (1978), *lv den* 406 Mich 916 (1979).

Affirmed. Costs to defendants.