BUSCHLEN v FORD MOTOR COMPANY

Docket No. 49174. Submitted April 15, 1981, at Detroit.—Decided June 17, 1981. Leave to appeal applied for.

Glenn Buschlen, for himself and as next friend of his minor son, Gary Buschlen, brought an action for damages against the Ford Motor Company. Gary Buschlen, for the use and benefit of Firemen's Fund American Insurance Companies, intervened as a party plaintiff. Ford had purchased machine dies and supplied them to Sebewaing Industries, Inc., which used them to make Ford parts. Gary Buschlen was employed by Sebewaing and lost a hand when a machine malfunctioned. The Huron Circuit Court, M. Richard Knoblock, J., awarded a judgment on a jury verdict in favor of plaintiffs, and Ford appeals. Ford alleges that the trial court used the improper standard of care in denying Ford's motion for a directed verdict, that the court erred in instructing the jury relative to Ford's duty to inspect the dies and repair or give warning of foreseeable dangers, that plaintiffs failed to present sufficient evidence of negligent entrustment to survive the motion for directed verdict, and that remarks made by plaintiffs' counsel were grounds for a mistrial. *Held:*

1. The proper standard of care is whether a supplier, such as Ford in this case, knows or has reason to know that the thing supplied *is likely to be used in a manner involving* unreasonable risk. The trial court used an improper standard when denying Ford's motion for a directed verdict. However, reversal is not warranted because there was sufficient evidence presented by the plaintiffs to make out a prima facie case. Therefore, the motion for a directed verdict was properly denied.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence § 118.
[2] 75 Am Jur 2d, Trial §§ 528, 534, 537.
[3] 57 Am Jur 2d, Negligence §§ 120, 125.
[4] 76 Am Jur 2d, Trial § 1080.
[5] 5 Am Jur 2d, Appeal and Error § 624.
   75 Am Jur 2d, Trial § 193.

2. The trial court's instructions regarding Ford's duty to inspect were proper.

3. Sufficient evidence was presented to support the plaintiffs' claim of negligent entrustment.

4. Plaintiffs' counsel at one point in his closing argument referred to defendant's action as "illegal acts". The reference was immediately objected to, the objection was sustained, and any error was cured by the court's instructions to the jury.

Affirmed.

1. NEGLIGENCE — LIABILITY TO THIRD PARTIES — SUPPLIERS OF CHATTELS.

One who supplies, directly or through a third person, a chattel for the use of another whom the supplier knows or has reason to know to be likely to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use is subject to liability for physical harm resulting to them.

2. MOTIONS AND ORDERS — DIRECTED VERDICT — PRIMA FACIE CASE.

A trial court, when presented with a motion for a directed verdict, must view the evidence and any legitimate inferences therefrom in a light most favorable to the nonmoving party and, if the evidence so viewed presents a prima facie case, the motion should be denied.

3. NEGLIGENCE — SUPPLIERS OF CHATTELS — DUTY TO INSPECT.

A supplier of a chattel to a third party for use for the supplier's business purposes has a duty to inspect the chattel and may be liable to one harmed by use of the chattel if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied or fails to exercise reasonable care to discover its dangerous condition or character and to inform those whom he should expect to use it.

4. MOTIONS AND ORDERS — MISTRIAL — APPEAL.

Decisions on motions for mistrials are within the sound discretion of the trial court and will not be reversed on appeal absent a finding of abuse of discretion resulting in a miscarriage of justice.

5. APPEAL — REMARKS OF COUNSEL.

The Court of Appeals will reverse a jury verdict because of allegedly prejudicial remarks of counsel at trial only where the

remarks complained of evidence a studied purpose to inflame or prejudice the jury.

*Philo, Atkinson, Darling, Steinberg, Harper & Edwards,* for plaintiffs.

*Martin, Bacon & Martin, P.C.* (by *James N. Martin* and *Paul R. VanTol),* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. Defendant Ford Motor Company appeals as of right from a jury verdict awarding plaintiff Gary Buschlen $414,000 for the loss of his left hand in an industrial accident. The verdict was reached after the second trial of this action. The first trial resulted in a verdict against Ford for $253,800 and an appeal to this Court followed. *Buschlen v Ford Motor Co* (Docket Nos. 77-149, 77-150, decided June 7, 1978 [unreported]). In that case, the Court summarized several facts pertinent to the instant appeal:

"Third party defendant Active Tool & Manufacturing Company designed, constructed and sold unguarded machine tooling, dies, to defendant Ford Motor Company. An affiliate of Active, Sebewaing Industries, Inc., used the dies in a power press to manufacture Ford automobile parts. Plaintiff Gary Buschlen, an employee of Sebewaing assigned to make the parts, lost his left hand when the power press malfunctioned. Plaintiff sued Ford for negligence, and Ford sought contribution from Active. A jury returned verdicts for plaintiff against Ford, and for Ford for contribution against Active."

Active was not a party to the second trial of this case. Defendant Ford raises four issues in this appeal.

# I

It is first alleged that the trial court erred in denying defendant Ford's motion for a directed verdict of no cause of action on the basis that the plaintiffs failed to introduce evidence that Ford knew or had reason to know of the negligent manner in which its die would be used. The defendant contends that its motion was reviewed by the lower court under an improper "knew or should have known" standard of care.

In *Fredericks v General Motors Corp,* 48 Mich App 580; 211 NW2d 44 (1973), *lv gtd after trial* 407 Mich 896 (1979), this Court considered the specific standard of care owed by the supplier of a die to an employee of a contractor using the die to make parts for the supplier. The *Fredericks* Court quoted from the second Restatement of Torts for the standard of care applicable to such suppliers:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier *knows or has reason to know* to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." (Emphasis added.) Restatement Torts, 2d, § 390, p 314.

See also *Moning v Alfono,* 400 Mich 425, 445, fn 24; 254 NW2d 759 (1977), noting with approval the *Fredericks* Court's reliance on § 390 of the Restatement.

Applying the Restatement standard to the facts in *Fredericks,* the Court found the issue of the defendant's knowledge to be a question of fact and reversed an order of summary judgment in defendant's favor.

In this case, the trial court denied Ford's motion, stating it could be liable *if it should have known* that Gary Buschlen's employer's plant was using the die in an unsafe manner. In the opinion of the trial court this standard of care imposed upon Ford an affirmative duty to inspect the supplier's plant to ensure that the die was being used in a safe manner.[1] Ford claims that the trial court used an improper legal standard when ruling on its motion for a directed verdict. We agree.

The terms "reason to know" and "should know", applied to a defendant's conduct, impose different standards of care. The Restatement definitions of each term provide a clear line of demarcation for the minimum standard of care applicable under each:

"(1) The words 'reason to know' are used throughout the Restatement of this Subject to denote the fact that the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists.

---

[1] In its ruling, the lower court relied on this Court's decision in *Johnson v Chrysler Corp,* 74 Mich App 532, 536; 254 NW2d 569 (1977), as support for its decision to apply a "knew or should have known" standard of care:

"Plaintiffs proceeded against defendant Chrysler as owner of the dies, on two theories: negligent entrustment and breach of implied warranty. In support of their negligent entrustment theory, plaintiffs direct us to *Fredericks v General Motors Corp,* 48 Mich App 580; 211 NW2d 44 (1973), *lv den* 390 Mich 805 (1973). In *Fredericks,* a panel of our Court reversed the trial court's granting of a summary judgment motion and held that the plaintiff should be allowed to present proofs to show that the defendant knew that the die would be used in a negligent manner. In the present case, plaintiffs were allowed to present proofs. We have reviewed the transcript, and find no evidence that Chrysler *knew or should have known* of any unsafe practices or conditions at the Holland plant." (Emphasis added.)

While relying on *Fredericks,* the *Johnson* Court misstated the applicable standard of care noted in the Restatement. We thus find that the trial court's reliance on the *Johnson* analysis was misplaced.

"(2) The words 'should know' are used throughout the Restatement of this Subject to denote the fact that a person of reasonable prudence and intelligence or of the superior intelligence of the actor would ascertain the fact in question in the performance of his duty to another, or would govern his conduct upon the assumption that such fact exists." Restatement Torts, 2d, § 12, pp 19-20.

Because the lower court interpreted *Fredericks* and § 390 of the Restatement as mandating a "knew or should have known" standard of care, we hold that the defendant's motion for a directed verdict was improperly reviewed. The trial court, nevertheless, reached the correct result.

We do not find the lower court's application of an improper standard of review to the plaintiffs' negligent entrustment claim to constitute reversible error. When presented with a motion for directed verdict, a trial court must view the evidence and legitimate inferences therefrom in a light most favorable to the nonmoving party. *Weeks v Feltner,* 99 Mich App 392, 394; 297 NW2d 678 (1980). If the evidence so viewed presents a prima facie case, the motion should be denied. *Weeks, supra, Caldwell v Fox,* 394 Mich 401, 407; 231 NW2d 46 (1975). In our view, the evidence presented below and legitimate inferences from it were sufficient to make out a prima facie case. In effect, there was sufficient evidence from which the jury could find that Ford knew or had reason to know of the dangerous manner in which Gary Buschlen's employer would direct the use of the die.

## II

Defendant's second issue alleges error in the trial court's jury instruction regarding Ford's duty

to inspect its die and repair or give warning of foreseeable dangers. The contested instruction was identical to the duty provided in Restatement Torts, 2d, § 392, p 319:

"One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied

"(a) if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied, or

"(b) if he fails to exercise reasonable care to discover its dangerous condition or character, and to inform those whom he should expect to use it."

Defendant argues that this instruction, requiring adequate inspection and manufacture of the die, contradicts the more limited duty of care in § 390 applicable to the plaintiffs' negligent entrustment theory. We disagree. As noted in *Fredericks, supra,* 585, "the Restatement makes clear that the chattel need not be proved defective before recovery is permitted under the doctrine of negligent entrustment". Unlike the theory of negligent entrustment, which focuses "on the supply of the chattel to a probable negligent user", *id.,* the instruction embodied in § 392 directed the jury's attention to the dangerous propensities of the die itself. We thus find no error in the trial court's instruction pursuant to § 392.

### III

Defendant's third allegation is connected to its

first: that the plaintiffs failed to present sufficient evidence to support their claim of negligent entrustment and, thus, defendant's motion for directed verdict should have been granted. We have already noted that the plaintiffs introduced enough credible evidence to make out a prima facie case of liability under § 390 and *Fredericks.* We thus hold that the trial court properly denied Ford's motion for directed verdict on the negligent entrustment theory.

## IV

The defendant lastly claims error in the trial court's decision denying its motion for a mistrial based upon remarks made by plaintiffs' counsel during closing argument. The specific remarks included a reference to the defendant's actions as "illegal acts" and further references to measures of damages unrelated to the present case.

We have consistently held that decisions on motions for mistrials are within the trial court's sound discretion, *Flinn v Sun Oil Co,* 96 Mich App 59, 62; 292 NW2d 484 (1980), and will not be reversed on appeal absent a finding of abuse of discretion resulting in a miscarriage of justice. *People v Denmark,* 74 Mich App 402, 415; 254 NW2d 61 (1977), *Kucken v Hygrade Food Products Corp,* 51 Mich App 471, 473; 215 NW2d 772 (1974). Additionally, only where the comments alleged to be prejudicial evidence a studied purpose to inflame or prejudice the jury will this Court reverse the jury's ultimate verdict. *Firchau v Foster,* 371 Mich 75; 123 NW2d 151 (1963).

The characterization of a defendant's actions as being illegal has been found to warrant reversal. *Layton v Cregan & Mallory Co, Inc,* 269 Mich 574, 583; 257 NW 888 (1934). However, in *Layton,*

plaintiff's attorney purposefully and continually referred to defendant's action as criminal. In this case, the trial court immediately sustained Ford's objection and no further reference to illegality was made. Therefore, any error which did occur was cured by the trial court's instruction to the jury. *Tiffany v The Christman Co*, 93 Mich App 267, 282; 287 NW2d 199 (1979). We have also reviewed plaintiffs' counsel's remarks contrasting the jury's decision on damages for a personal injury with that for the hypothetical loss of a building or airplane. In light of the lower court's instruction to the jury to view the remarks as a simple analogy unrelated to the defendant, we find no error or abuse of discretion.

Affirmed.