■ TULNOY LUMBER, INC., et al. v IRVING BAUER et al.—
Motion by defendants-appellants for an order granting leave
to reargue or, in the alternative, leave to appeal to the Court
of Appeals, is granted to the extent of granting reargument,
and, upon reargument, the order of this court dated October
30, 1986 [123 AD2d 898], which affirmed the order of the
Supreme Court, Bronx County (Alfred J. Callahan, J.), entered
April 16, 1986 granting plaintiffs-respondents' motion for a
preliminary injunction, is vacated, the order of April 16, 1986
is modified, without costs, on the law and the facts and in the
exercise of discretion, to the extent of denying the motion for
a preliminary injunction insofar as it seeks to eject defendants
from the right-of-way referred to in paragraphs 9, 10, 20 and
21 of the reply affidavit of Robertson H. Bennett dated Sep-
tember 19, 1985, and the matter is remanded to the trial court
for the purpose of fixing the precise dimensions of such right-
of-way, and otherwise affirmed.

The parties are adjoining landowners in The Bronx. Plain-
tiffs have been in the area since 1964, defendants since 1974.
In late 1984, plaintiffs acquired title to an additional adjoining
parcel known as lot 191, and, shortly thereafter, instituted
this action for ejectment against defendants alleging unautho-
rized use and occupation of all of lot 191 and a portion of
adjoining lot 180. Simultaneously with the commencement of
this action, plaintiffs moved for a preliminary injunction
restraining defendants' use and occupation of the property,
and directing their immediate removal therefrom.

Defendants' opposition to the motion appeared to be limited
to their use of lot 191. They asserted that they and their
predecessors in title, as well as other local businesses, had for
many years enjoyed access to a railroad siding provided by a
30-foot "right-of-way" running from a major thoroughfare
(Webster Avenue) over various parcels and terminating on lot
191, and that the deeds to all affected property conveyed title
subject to this easement. It also appears that defendants and
their predecessors had used lot 191 not only as a means of
access to the siding, but also as a "railroad freight area for
loading and unloading". In that connection, defendants said
that they had erected a structure on lot 191, and improved the
property by grading and paving it, putting a fence around it,
and keeping it free from water, snow and rubbish. Plaintiffs
appeared to concede defendants' right-of-way to the siding, but
challenged the loading and unloading of freight "throughout
the length and breadth of Lot 191." Service to the siding was
discontinued by Conrail in 1985, two months prior to the

institution of this action. The legal issue argued on the motion, as well as on this appeal, is whether defendants have acquired title to the property by way of adverse possession or prescriptive easement.

Special Term granted the motion; we affirmed without opinion. On reargument, defendants reiterate that the injunction prevents them from conducting their business, dependent as it is upon their large trucks being able to enter the area over the narrow right-of-way, unload materials, turn around and leave. More pertinently, they also argue that the injunction fails to recognize the right-of-way. Plaintiffs respond that since the siding is no longer in service, the right-of-way no longer serves any purpose. In reply, defendants annex the deeds granting the right-of-way over lot 191, and note the absence of any provisions therein conditioning that easement to the existence of a railroad siding.

It appears that over the course of time defendants, having obtained permission from plaintiffs' predecessors, grew accustomed to using lot 191 not only as an access route to the rail siding, but also as a storage area. When served with the motion for a preliminary injunction, defendants attempted to justify this use of the land for storage purposes by claiming title in themselves through adverse possession or prescriptive easement. The right-of-way was mentioned in the papers, but it was title that was put into controversy. Now that defendants focus on the right-of-way, it appears that the injunction was overly broad in that it failed to give recognition to the right-of-way defendants concededly enjoy over lot 191.

Although rail service to the siding has been discontinued, defendants can still make use of the right-of-way for purposes of gaining access to certain property they own adjoining lot 191 on which they might wish to store the materials presently stored on lots 191 and 180.

Unfortunately, the papers do not permit a precise delineation of the conceded right-of-way. Accordingly, the matter must be remanded to the trial court so that the injunction might be modified so as to give effect to the right-of-way, and to allow the taking of further proof if necessary to fix the precise dimensions thereof. Concur—Sandler, J. P., Sullivan, Milonas and Wallach, JJ.