925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lois A. KRUEGER, Plaintiff-Appellee,
v.
OTIS ELEVATOR COMPANY, Defendant-Appellant.
 No. 89-2150.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity action governed by Michigan law, Otis Elevator Company raises four issues on appeal: did the district court abuse its discretion (1) by admitting evidence of problems with the service elevator, not the elevator involved in the accident, (2) in denying Otis Elevator's motion for a directed verdict, (3) by instructing the jury on the theory of res ipsa loquitur, and (4) by denying Otis Elevator's motion for mistrial? Finding that the district court did not abuse its discretion, we affirm.
 
 
 2
 On December 22, 1986, Lois Krueger, co-manager of the Greenhill Apartments in Midland, Michigan, was riding one of two elevators in the apartment building. The elevator stopped and its doors did not open. Just as Krueger was about to activate the alarm, the elevator doors opened and she stepped out of the elevator. When she stepped out, the floor of the elevator was not flush with the floor of the building, and Krueger fell, fracturing her right ankle.
 
 
 3
 Otis Elevator Company was under contract to maintain the two elevators at Greenhill Apartments. Under the contract, Otis promised to use trained men to keep the elevator properly adjusted and promised that all reasonable care would be used to maintain the elevator in a safe, proper working order. Krueger brought this negligence action against Otis Elevator following her accident.
 
 
 4
 Evidence in the trial revealed that the two elevators were generally inspected twice a month during the years 1979 to 1985. Only four of 120 visits had been missed during that time. However, only fifteen or sixteen of the usual twenty-four maintenance calls were made in 1986. The record reflects that there was a grouping of call-backs made to Otis Elevator in 1986. The call-back dates included the following: October 4, October 17, December 3, December 4, December 9, December 11, December 22 (the date of Krueger's accident), December 23 and November 26. Plaintiff's expert concluded that this cluster of call-backs was a "flag" indicating that there were problems with the elevators. The expert added that Otis service personnel were not sufficiently familiar with the equipment incorporated into the elevator and that the problem which caused the elevator to mislevel was a continuation of a prior problem manifested in the cluster of call-backs. As to the cause of the misleveling, the expert noted that a broken lead to one of the four brushes on the passenger elevator could have been the source. Two Otis maintenance men went to work on the elevators after the accident on the evening of December 22, 1986. One of the maintenance men testified that they rode the freight elevator up to the machinery room and found that the generator for the passenger elevator was not producing enough current to run the motor. He testified that the brushes on the generator were burning and arcing and that all four brushes were replaced. The other maintenance man testified that they rode the passenger elevator up to the machinery room and that only one brush was replaced.
 
 
 5
 Otis first argues that the trial court erred by allowing evidence of problems with the service elevator because such evidence was unfairly prejudicial and led to jury speculation regarding the issue of negligence and the issue of proximate cause. Under the Federal Rules of Evidence and substantive Michigan law, the trial court is vested with broad discretion in the admission of substantive evidence at trial. Muniga v. General Motors Corp., 102 Mich.App. 755, 302 N.W.2d 565 (1980). Here the trial court based its decision in part on Burgess v. Otis Elevator Co., 114 A.D.2d 784, 495 N.Y.S.2d 376 (1985), aff'd, 69 N.Y.2d 623, 511 N.Y.S.2d 277 (1986), a case with similar facts. In Burgess, the court permitted evidence of problems with misleveling of other elevators not involved in the accident. Importantly, both elevators in this case were maintained under a single contract. Both elevators were inspected and maintained by the same maintenance repairman using the same maintenance checklist. Because of these factors and the persuasiveness of Burgess, the district court did not abuse its discretion by admitting evidence relating to the freight elevator.
 
 
 6
 Second, Otis asserts the district court erred in denying their motion for a directed verdict. In a diversity case, we must apply the standard for a directed verdict of the forum state. Boynton v. TRW, Inc., 858 F.2d 1178, 1186 (6th Cir.1988) (en banc). In Boynton, 858 F.2d at 1186-87 we noted:
 
 
 7
 [u]nder Michigan law, "[the] standards of review for denials of motions for directed verdict and judgment notwithstanding the verdict are identical." Bonelli v. Volkswagen of America, Inc., 166 Mich.App. 483, 514 n. 7, 421 NW2d 213 (1988) (citing Matras v. Amoco Oil Co., 242 Mich. 675, 681-82, 385 NW2d 586 (1986)). Further, under Michigan law an appellate court reviewing a trial court's denial of defendant's motion for directed verdict or a judgment notwithstanding the verdict
 
 
 8
 must view the testimony, and all legitimate inferences that may be drawn therefrom, in the light most favorable to the plaintiff and determine whether the evidence is sufficient to establish a prima facie case. Matras, supra. If reasonable jurors could honestly have reached different conclusions, then the motion should have been denied and the case should have been decided by the jury, since no court has the authority under such a circumstances to substitute judgment for that of the jury. Id.; Dickerson v. Nichols, 161 Mich.App. 103, 107, 409 N.W.2d 741 (1987).
 
 
 9
 Bonelli, 166 Mich.App. at 513-14, 421 N.W.2d at 213 (footnote omitted). Based upon the testimony of Krueger's expert and the maintenance man who testified the generator brushes were burning and arcing, we hold the district court did not abuse its discretion in denying Otis' motion for a directed verdict.
 
 
 10
 Third, Otis asserts the district court erred by instructing the jury on the theory of res ipsa loquitor. Otis argues the instruction was wrong because Krueger did not establish that Otis had control over the elevators and that it proved the accident could have been caused by something other than their negligence. Again, we apply an abuse of discretion standard. Kovacs v. Chesapeake & Ohio Railway Company, 134 Mich.App. 514, 351 N.W.2d 581 (1984), aff'd, 426 Mich. 649, 397 N.W.2d 169 (1986). Otis introduced evidence at trial showing that other people, including Krueger and her husband, had keys to turn on and off the elevators and had access to the machine room. However, Otis introduced no testimony showing anyone else had control over the maintenance of the machines. Access to the machine room merely raises an issue of fact as to Otis' control over the maintenance of the elevators; the record reveals reasonable minds could disagree as to the exclusivity of Otis' control over maintenance. The record also reveals Otis did not prove the accident was possibly the result of another cause. Therefore, we hold the court did not abuse its discretion in giving the res ipsa loquitor instruction.
 
 
 11
 Lastly, Otis asserts the court abused its discretion by denying their motion for mistrial. In Buschler v. Ford Motor Co., 107 Mich.App. 340, 347; 310 N.W.2d 8, ---- (1971), the court stated:
 
 
 12
 [W]e have consistently held that decisions on motions for mistrial are within the trial court's sound discretion, Flinn v. Sun Oil Co., 96 Mich.App. 59, 62; 292 N.W.2d 484 (1980), and will not be reversed on appeal absent a finding of abuse of discretion resulting in a miscarriage of justice, People v. Denmark, 74 Mich.App. 402, 415; 254 N.W.2d 61 (1977), Kucken v. Hygrade Food Products Corp., 51 Mich.App. 471, 473; 215 N.W.2d 772 (1974). Additionally, only where the comments alleged to be prejudicial evidence a studied purpose to inflame or prejudice the jury will this court reverse the jury's ultimate verdict. Firchau v. Foster, 371 Mich. 75; 123 N.W.2d 151 (1963).
 
 
 13
 After a thorough review of the record, we conclude the district court did not abuse its discretion in denying the motion for mistrial.
 
 
 14
 For the foregoing reasons, we affirm the judgment of the district court.