PEOPLE v RUSSELL

Docket No. 251691. Submitted March 9, 2005, at Detroit. Decided May 5, 2005, at 9:20 a.m.

Darwin T. Russell was convicted by a jury in the St. Clair Circuit Court, Daniel J. Kelly, J., of fourth-degree criminal sexual conduct (CSC IV), MCL 750.520e, for having sexual contact with the adult niece of his wife. Although the defendant had been charged with both sexual contact through force or coercion, MCL 750.520e(1)(b), and sexual contact with a relative by blood or affinity within the third degree, MCL 750.520e(1)(d), the jury did not specify which of the two was the basis for the conviction. The defendant appealed.

The Court of Appeals *held*:

1. MCL 750.520e(1)(d) is not unconstitutionally void on its face for prohibiting sexual contact between adults who are not married to each other but are related by affinity to the third degree. "Affinity" is the relationship of a married person to the blood relatives of that person's spouse, it is not a word that is unusual or esoteric, and provides fair notice of what conduct is prohibited by the statute. The statute clearly and plainly sets forth the elements the prosecutor must prove and it does not leave the jury with unstructured and unlimited discretion in finding guilt. MCL 750.520e(1)(d) is also not unconstitutionally vague as applied in this case. The defendant and the victim were related through marriage, and the defendant initiated and effected the proscribed sexual contact.

2. The defendant claimed that MCL 750.520e(1)(d) violates the Due Process Clause of the Fourteenth Amendment by impinging on the exercise of liberty interests in the absence of a compelling state interest for prohibiting consensual sexual contact between relatives. The defendant has no standing to raise this issue because this case does not involve consensual sexual contact. One does not have standing to raise issues involving the violation of the rights of others. Additionally, the defendant did not raise in the trial court the issue that there is no compelling state interest in prohibiting consensual sexual contact between relatives. Unpreserved constitutional errors are forfeited unless the defendant can demonstrate that an error occurred, the error was plain, i.e., clear

or obvious, and the plain error prejudiced substantial rights of the defendant, i.e., the error affected the outcome of the lower court proceedings. Because this case does not involve consensual sexual acts, a resolution of the defendant's constitutional challenge in his favor would not affect the outcome of the case.

3. The defendant claimed that a violation of MCL 750.520e(1)(d) is an unconstitutional strict liability crime because it requires no *mens rea*. Criminal sexual conduct is a general intent crime. To convict a defendant of CSC IV, the prosecutor must prove that the defendant had sexual contact with the complainant and that the contact was reasonably construed to be for a sexual purpose.

4. The defendant claimed that the prosecutor engaged in the selective enforcement of MCL 750.520e(1)(d) on the basis of gender. Because the record demonstrates that the victim did not consent to engage in sexual conduct with the defendant, the prosecutor did not abuse his power in charging the defendant but not the victim.

5. The trial court did not abuse its discretion in allowing the prosecution to amend the information to reinstate the charge under MCL 750.520e(1)(e). A trial court may amend the information at any time during the trial as long as the amendment would not unfairly surprise or prejudice the defendant. The defendant had been bound over for trial on the charge, and the order reinstating the charge was granted more than a month before the trial, so the defendant was not prejudiced or unfairly surprised by the amendment of the information.

Affirmed.

1. CRIMINAL LAW — FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT — AFFINITY.

The statute that makes it fourth-degree criminal sexual conduct for a person to engage in sexual contact with a person related to the actor by affinity to the third degree is not unconstitutionally vague; the statute provides fair notice of the conduct proscribed, and it clearly and plainly sets forth the elements the prosecution must prove and does not leave the trier of fact with unstructured and unlimited discretion in determining whether an offense has been committed (MCL 750.520e[1][d]).

2. CRIMINAL LAW — FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT — GENERAL INTENT.

Fourth-degree criminal sexual conduct based on affinity is not a strict liability offense; rather, it is a general intent crime; for a conviction, the prosecutor must prove that the defendant had sexual contact with the complainant and that the sexual contact

could reasonably be construed to be for a sexual purpose (MCL 750.520e[1][d]).

3. CRIMINAL LAW — AMENDMENT OF INFORMATION — DUE PROCESS.

A trial court may amend the information at any time during the trial as long as the amendment would not unfairly surprise or prejudice the defendant; where a preliminary examination was held on a charge that the prosecutor seeks to have reinstated by amendment, the defendant is not unfairly surprised or deprived of adequate notice or a sufficient opportunity to defend at trial.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Peter R. George*, Prosecuting Attorney, and *Timothy K. Morris*, Chief of Appeals, for the people.

*Janet L. Szpond* for the defendant.

Before: WILDER, P.J., and FITZGERALD and KELLY, JJ.

PER CURIAM. Defendant appeals as of right his jury trial conviction of fourth-degree criminal sexual conduct (CSC IV), MCL 750.520e. Defendant's conviction stems from an incident that occurred between the adult victim and defendant, who is the husband of the victim's maternal aunt. Defendant was charged with sexual contact through force or coercion, MCL 750.520e(1)(b) or, in the alternative, sexual contact with an individual related to defendant by blood or affinity in the third degree, MCL 750.520e(1)(d). The verdict form did not specify under which subsection the jury determined defendant's guilt. Defendant attacks his conviction under MCL 750.520e(1)(d). We affirm.

### I. CONSTITUTIONAL ARGUMENTS

#### A. VAGUENESS

Defendant first argues that MCL 750.520e(1)(d) is unconstitutionally vague because it "appears to abso-

lutely preclude any sexual contact between anyone related by 'blood or affinity to the third degree,' even if those two people are two consenting adults related by marriage only." We hold that this statute is not unconstitutionally vague on its face or as applied.

"We review de novo questions involving the constitutionality of statutes." *People v Piper*, 223 Mich App 642, 645; 567 NW2d 483 (1997). "Statutes are presumed to be constitutional and must be so construed unless their unconstitutionality is readily apparent." *People v Rogers,* 249 Mich App 77, 94; 641 NW2d 595 (2001). A statute is unconstitutionally vague under the following circumstances: (1) it " 'is overbroad, impinging on First Amendment[1] freedoms, or' "; (2) it " 'does not provide fair notice of the conduct proscribed, or' "; (3) it " 'is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed.' " *People v Petrella*, 424 Mich 221, 253; 380 NW2d 11 (1985), quoting *Woll v Attorney General*, 409 Mich 500, 533; 297 NW2d 578 (1980).

We first note that although defendant's question presented includes a reference to the freedom of association, he specifically states in his brief on appeal that "impingement on First Amendment freedoms is not involved here . . . ." Therefore, we do not address whether MCL 750.520e(1)(d) is overbroad, impinging on First Amendment freedoms.

Addressing whether MCL 750.520e(1)(d) is vague on its face, we reject defendant's argument that the term "affinity" does not provide fair notice of what conduct is prohibited. MCL 750.520e(1)(d) prohibits sexual contact between two individuals related by blood or "affin-

---

[1] US Const, Am I; Const 1963, art 1, §§ 3, 4, 5.

ity" to the third degree. Although "affinity" is not defined in the statute, in *Bliss v Caille Bros Co*, 149 Mich 601, 608; 113 NW 317 (1907), our Supreme Court provided the following explanation:

> Affinity is the relation existing in consequence of marriage between each of the married persons and the blood relatives of the other, and the degrees of affinity are computed in the same way as those of consanguinity or kindred. A husband is related, by affinity, to all the blood relatives of his wife, and the wife is related, by affinity, to all blood relatives of the husband.

While we have not had occasion to address whether the term "affinity" is unconstitutionally vague in the context of the fourth-degree criminal sexual conduct statute, we have determined the term is not unconstitutionally vague in the first-degree criminal sexual conduct statute. *People v Denmark*, 74 Mich App 402, 408-409; 254 NW2d 61 (1977). Specifically, *Denmark* observed that the "term 'affinity' is neither an unusual nor esoteric word; nor does the statute use the term in an uncommon or extraordinary context." *Id.* at 408. We hold that this reasoning applies with equal force to the term "affinity" as used in MCL 750.520e(1)(d).

Further, we reject defendant's argument that MCL 750.520e(1)(d) gives the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed. MCL 750.520e(1)(d) requires that the fact-finder find that a sexual contact occurred. MCL 750.520a(n) clearly defines "sexual contact" to include

> the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

(i) Revenge.

(ii) To inflict humiliation.

(iii) Out of anger.

Accordingly, while defendant is correct in his assertion that MCL 750.520e(1)(d) precludes sexual conduct between two consenting adults under some circumstances when the adults are related by affinity, this is irrelevant to whether the statute is unconstitutionally vague. MCL 750.520e(1)(d) is not vague on its face because it clearly and plainly sets forth the elements that the prosecutor must prove beyond a reasonable doubt and it does not leave the jury with unstructured and unlimited discretion in finding guilt.

Nor is MCL 750.520e(1)(d) vague as applied in this case. Because defendant's vagueness challenge does not involve the First Amendment, it must be examined in light of the facts of the case. *People v Howell*, 396 Mich 16, 21; 238 NW2d 148 (1976). "The proper inquiry is not whether the statute may be susceptible to impermissible interpretations, but whether the statute is vague as applied to the conduct allegedly proscribed in this case." *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998).

Defendant argues that MCL 750.520e(1)(d) is vague as applied to this case in which the charges were premised on a "consensual encounter between two adults." As discussed above, the statute does preclude consensual sexual conduct between two adults related by affinity under certain circumstances. But our review of the record reveals that defendant was solely responsible for the sexual conduct giving rise to the charges against him. At the time of the incident, the victim and her daughter were spending the weekend at defendant's home for a family gathering, which was something the victim normally did. One evening, while

defendant and the victim were watching television, defendant sat beside her and placed her feet on his lap. Defendant began to massage the victim's feet and calves—something he had done before. However, defendant gradually moved his hands up to the victim's thighs—something he had not done before. Defendant then leaned on the victim's right thigh and reached one hand up to her vaginal area. The victim was shocked and unable to respond at first. But when she tried to stand up, defendant moved his hand to her breast. The victim was ultimately able to stand up from the couch and leave the room. Defendant followed her and gave her a hug, which the victim did not return. Defendant stated that "he was 49 and he had to get it from somewhere." He also told the victim that no one needed to know about the incident.

On the basis of this evidence, we cannot agree with defendant's assertion that "[t]he record is replete with testimony indicating that Defendant was attempting to follow the law—and not thwart it." The evidence clearly demonstrates that defendant and the victim were related through marriage. It also shows that defendant touched the victim's private parts in a way that could reasonably be construed to be for the purpose of sexual arousal. It also shows that defendant solely initiated these acts and the victim, though momentarily shocked, did not respond in kind, but rejected defendant's advances. We are unpersuaded by defendant's assertion that "[t]housands of such related individuals have engaged in such sexual contact and have even married and they are not convicted felons." Defendant's comment is at once unsupported and irrelevant to our constitutional inquiry. We conclude that MCL 750.520e(1)(d) is not vague as applied in this case.

B. DUE PROCESS

Defendant next argues that MCL 750.520e(1)(d) is unconstitutional because "in the absence of a compelling state interest, it impinges on the exercise of liberty interests protected by the Due Process Clause of the Fourteenth Amendment." Specifically, defendant argues that MCL 750.520e(1)(d) unconstitutionally prohibits consensual sexual contact between relatives.

We first address whether defendant has standing to raise this constitutional challenge. Defendant asserts, "In this case, most of the activity charged was legal in and of itself. The two people involved were engaged in consensual sexual touching and who were of age to consent." We conclude that defendant lacks standing to attack the constitutionality of MCL 750.520e(1)(d) on this basis because, contrary to defendant's assertion, this case does not involve consensual sexual contact. There was no evidence presented that the sexual contact was consensual. Nor did defendant present this theory to the jury. Therefore, defendant is asserting that the statute infringes the constitutional rights of others in circumstances other than those presented in this case. As a general rule, one does not have standing to raise issues involving the violation of the rights of others. *People v Jones,* 115 Mich App 543, 547; 321 NW2d 723 (1982).

In addition, defendant did not raise the issue in the trial court and therefore did not preserve it for appellate review. This Court reviews unpreserved claims of constitutional error for plain error that affected defendant's substantial rights. *People v Carines,* 460 Mich 750, 763-765, 774; 597 NW2d 130 (1999). To avoid forfeiture under the plain error rule, defendant must show that: (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error prejudiced

substantial rights, i.e., that the error affected the outcome of the lower court proceedings. *Id.* at 763; *People v Pitts,* 222 Mich App 260, 263; 564 NW2d 93 (1997). Defendant challenges MCL 750.520e(1)(d) on the basis that it unconstitutionally prevents adults related by affinity from engaging in consensual sexual acts. However, because this case does *not* involve consensual sexual acts, a resolution of defendant's constitutional challenge in his favor would not affect the outcome of the case. Therefore, even if defendant had standing to raise this issue, he has not avoided forfeiture of the issue.

### C. STRICT LIABILITY

Defendant next argues that a violation of MCL 750.520e(1)(d) is an unconstitutional strict liability crime because it requires no *mens rea.* Again, defendant failed to preserve this issue because he did not present it to the trial court. *People v Grant,* 445 Mich 535, 546; 520 NW2d 123 (1994). Therefore, the issue is forfeited unless defendant can show plain error that affected his substantial rights. *Carines, supra.*

This Court has held that criminal sexual conduct is a general intent crime, not a specific intent crime. *Piper, supra* at 646. To convict a defendant of CSC IV based on affinity, the prosecutor must prove that the defendant had sexual contact with the complainant. MCL 750.520e(1)(d). The prosecutor also has to prove that the sexual contact was reasonably construed to be for a sexual purpose. MCL 750.520a(n). The statute does not provide for strict liability. See *People v Lardie,* 452 Mich 231, 240-241; 551 MW2d 656 (1996). Therefore, defendant has shown no plain error in this regard.

### D. FIFTH AMENDMENT

Defendant also argues that charging him with CSC IV based on the dual theories of force and affinity violated his Fifth Amendment[2] right against self-incrimination. However, defendant again failed to present this issue to the trial court and fails to cite specific supporting authority on appeal. As such, we deem the issue abandoned. *People v Weathersby*, 204 Mich App 98, 113; 514 NW2d 493 (1994).

## II. SELECTIVE ENFORCEMENT

We further reject defendant's contention that the prosecutor engaged in the selective enforcement of MCL 750.520e(1)(d) on the basis of gender. We review a prosecutor's charging determination under an "abuse of power" standard to determine if the prosecutor acted contrarily to the Constitution or law. *People v Barksdale*, 219 Mich App 484, 488; 556 NW2d 521 (1996). In this case, the record reveals no intentional discrimination on the part of the prosecutor. See *People v Monroe*, 127 Mich App 817, 819; 339 NW2d 260 (1983). The evidence presented at trial clearly demonstrates that the victim did not consent to engage in sexual conduct with defendant. Therefore, there is no basis on this record for us to conclude that the prosecutor abused his power in charging defendant, and not the victim, with this crime.

## III. AMENDMENT OF INFORMATION

Defendant finally argues that the trial court erred in allowing the prosecutor to amend the information to include the MCL 750.520e(1)(d) affinity charge, after a

---

[2] US Const, Am V; Const 1963, art 1, § 17.

prior prosecutor had previously amended the information and the trial court entered an order striking that charge. We disagree. We review a trial court's decision to amend an information for an abuse of discretion. *People v McGee*, 258 Mich App 683, 686-687; 672 NW2d 191 (2003).

A trial court may amend the information at any time during the trial. MCL 767.76; *People v Goecke*, 457 Mich 442, 459-460; 579 NW2d 868 (1998). *Goecke* observes that "[t]he rules of criminal procedure as adopted in 1989 implement then existing law to provide that the court may permit the prosecutor to amend the information unless to do so 'would unfairly surprise or prejudice the defendant.' " *Id.* at 459-460, quoting MCR 6.112(G).[3] Additionally, the Court held that "[w]here a preliminary examination is held on the very charge that the prosecutor seeks to have reinstated, the defendant is not unfairly surprised or deprived of adequate notice or a sufficient opportunity to defend at trial . . . ." *Id.* at 462. In this case, a preliminary examination was held, and defendant was bound over on both MCL 750.520e(1)(b) and 750.520e(1)(d). Further, the motion to amend the information to reinstate the affinity charge was granted more than a month before trial began, giving defendant sufficient time to prepare. Therefore, we conclude that defendant was not prejudiced or unfairly surprised by the amendment of the information and the trial court did not abuse its discretion in allowing the amendment.

Affirmed.

---

[3] MCR 6.112(G) is now MCR 6.112(H).