# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 10, 2015

v

No. 322874
Wayne Circuit Court
LC No. 11-001958-FH

MICHAEL ANTHONY GREENE,

Defendant-Appellant.

Before: RONALYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Michael Anthony Greene, appeals by right his conviction after a bench trial of unauthorized access to a computer, MCL 752.795. The trial court sentenced defendant to 18 months' non-reporting probation. We affirm.

Defendant first argues that this Court lacked jurisdiction to address the prosecutor's challenge to the dismissal of the charge of unauthorized access of a computer, asserting the untimely filing of an appeal encompassing the November 4, 2011 order granting defendant's motion to quash that charge. Challenges to an exercise of jurisdiction are reviewed de novo. *People v Gonzalez*, 256 Mich App 212, 234; 663 NW2d 499 (2003), disapproved on other grounds 469 Mich 967 (2003). Defendant's claim is without merit for a number of reasons.

The prosecutor appealed the trial court's order dismissing all of the charges against defendant. Defendant challenged this Court's jurisdiction in the prior appeal, which was rejected. Defendant did not properly appeal the prior decision of this Court. "Under the law of the case doctrine 'if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.' " *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000) (citation omitted). Specifically, in *People v Greene*, unpublished opinion per curiam of the Court of Appeals, issued April 4, 2013 (Docket No. 308097), p 1 n 1, this Court explained:

The appeal of right was taken from the December 9, 2011, final order that dismissed the case. See MCR 7.202(6)(b)(i). This order encompassed three of the dismissed charges. The fourth charge (unauthorized access of a computer) had been dismissed by way of a motion to quash that was granted on November 4, 2011. Contrary to defendant's argument, we conclude that we have jurisdiction to

-1-

consider this fourth charge because the November 4, 2011, order did not dismiss the "case" in its entirety and because "[a] party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (internal citation and quotation marks omitted). Although *Green* is a civil case, we find it applicable by analogy here.

The law of the case doctrine precludes review.

Next, defendant contends that there was insufficient evidence to sustain his conviction. We review claims of insufficient evidence de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). In reviewing whether sufficient evidence supports a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hunter*, 466 Mich 1, 6; 643 NW2d 218 (2002).

Defendant was charged with violating MCL 752.795, involving the unauthorized access of a computer. Specifically, MCL 752.795 provides in relevant part:

A person shall not intentionally and without authorization or by exceeding valid authorization do any of the following:

(a) Access or cause access to be made to a computer program, computer, computer system, or computer network to acquire, alter, damage, delete, or destroy property or otherwise use the service of a computer program, computer, computer system, or computer network.

The term "access" is defined in MCL 752.792(1) as "to instruct, communicate with, store data in, retrieve or intercept data from, or otherwise use the resources of a computer program, computer, computer system, or computer network." MCL 752.792(3) defines a "computer" as "any connected, directly interoperable or interactive device, equipment, or facility that uses a computer program or other instructions to perform specific operations including logical, arithmetic, or memory functions with or on computer data or a computer program and that can store, retrieve, alter, or communicate the results of the operations to a person, computer program, computer, computer system, or computer network." A "computer network" is "the interconnection of hardwire or wireless communication lines with a computer through remote terminals, or a complex consisting of 2 or more interconnected computers." MCL 752.792(4). In turn, a "computer program" is defined as "a series of internal or external instructions communicated in a form acceptable to a computer that directs the functioning of a computer, computer system, or computer network in a manner designed to provide or produce products or results from the computer, computer system, or computer network." MCL 752.792(5). A "computer system" is "a set of related, connected or unconnected, computer equipment, devices, software, or hardware." MCL 752.792(6). " 'Property' includes, but is not limited to, intellectual property, computer data, instructions or programs in either machine or human readable form, financial instruments or information, medical information, restricted personal information, or any other tangible or intangible item of value." MCL 752.793(1). " 'Services' includes, but is not limited to, computer time, data processing, storage functions, computer

memory, or the unauthorized use of a computer program, computer, computer system, or computer network, or communication facilities connected or related to a computer, computer system, or computer network." MCL 752.793(2).

Our Supreme Court summarized rules of statutory interpretation in *People v Phillips*, 469 Mich 390, 395; 666 NW2d 657 (2003) (citations, footnotes and quotation marks omitted):

> When construing a statute, our primary goal is to ascertain and give effect to the intent of the Legislature. To do so, we begin by examining the language of the statute. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and the statute is enforced as written. Stated differently, a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent.

Because the language of MCL 752.795 delineates the elements of the crime, it is unnecessary and improper to "go beyond the words of the statute to ascertain legislative intent." *Phillips*, 469 Mich at 395. In accordance with the plain language of the statute, the elements that must be established for purposes of this case include the (a) intentional and (b) unauthorized (c) access to a computer program, computer system, or computer network (c) to acquire, alter, damage, delete or destroy property or otherwise use the service of a computer program, computer, computer system, or computer network.

Sufficient evidence was adduced at trial to support each of the elements for defendant's conviction for violation of MCL 752.795. There is evidence that defendant acted intentionally in accessing the documents from the email account of Milton Spokojny a contract attorney. Although defendant contends the file merely appeared on his computer, forensic examiner Erin Diamond's analysis of the computer's hard drive led him to opine that an individual would have to search through the email account and actively select a document to retrieve and print it. Spokojny specifically testified that he did not grant authorization to defendant or anyone else to access or use his email account. Access to the account obviously occurred based on the testimony of defendant, Ronald Wade, Kevin Smith and Diamond and the existence of the documents printed from that account that were provided to Smith. In particular, Diamond's testimony regarding the activity that occurred in searching within the email account comports with the definition of "access" as defined in MCL 752.792(1). It was undisputed that defendant printed a copy of documents from the email account satisfying the acquisition component of MCL 752.795(a)(1). In addition, there was evidence from Wade and Smith that defendant provided the documents to a third party to distribute and that the documents retrieved contained confidential information in the form of lawyer-client communications, which were restricted and possessed an intangible value in the pending lawsuit as required by MCL 752.793(1). As such, sufficient proof was adduced at trial to sustain defendant's conviction for violation of MCL 752.795.

Defendant further contends that the trial judge misrepresented the record when reciting the reasons for his ruling. Specifically, defendant contends the trial court misstated the testimony of Judge Sylvia James in asserting that James indicated that defendant admitted giving

the printed documents to Wade. He further contends the trial court misstated Smith's testimony suggesting that Wade informed him that defendant provided the documents during their first conversation rather than when Smith later questioned Wade about the source of the paperwork. Although defendant is correct in asserting that James did not testify that defendant admitted providing a copy of the documents to Wade and that Smith indicated Wade's identification of defendant as the source of the documents came in a second conversation, these discrepancies are immaterial and inconsequential to the verdict.

As noted, there was sufficient evidence to prove beyond a reasonable doubt all elements of the crime charged. James was simply recounting her conversation with defendant, in which he acknowledged seeing the document and printing it. Defendant acknowledged showing Wade the document while it was displayed on the computer screen and printing it, but he denied providing Wade with a printed copy or instructing him to deliver it to Smith. Again, the testimony of Diamond and Spokojny sufficed to demonstrate defendant's actions were intentional and lacked authorization. Diamond's testimony also demonstrated that the email account was "accessed" because a review of the hard drive indicated that various documents in the email account were viewed and that documents had to be selected for printing. Finally, defendant acknowledged printing a copy of the document although he asserts he shredded and did not distribute it. But Wade and Smith both testified that defendant was the source for their obtaining the document. This is an issue of credibility, which is solely within the province of the factfinder. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). In addition, we must resolve all conflicts in the evidence in favor of the prosecution. *People v Kosik*, 303 Mich App 146, 151; 841 NW2d 906 (2013).

Defendant also argues that the trial court's verdict is contrary to the great weight of the evidence. He asserts that the trial court's misstatement of the testimony of James and the testimony of Philip Loos as an alibi witness serve to demonstrate the physical impossibility of defendant's having engaged in the activities alleged at the times indicated.

"A verdict is against the great weight of the evidence if the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow it to stand." *People v Reid (On Remand)*, 292 Mich App 508, 513; 810 NW2d 391 (2011). "Conflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008).

Contrary to defendant's contention, the Loos' testimony did not render the trial court's findings unsupportable. Although Loos testified he saw defendant at another location during the times indicated on the hard drive for retrieval of the documents and the exploration of Spokojny's email account, Diamond explained any such discrepancy could have resulted from using the computer's internal clock rather than using time from an Internet-based source. Defendant's own testimony acknowledging that he reviewed the document on his computer screen supported this theory.

Similarly, the misstatement of James' testimony regarding defendant's providing a copy of the document to another individual is irrelevant in establishing the elements of the crime charged. Defendant acknowledged viewing the document on his computer screen and printing a copy. The only distinction is that defendant denied providing a copy to a third person, asserting

that he instead shredded the document. Wade and Smith both testified that defendant provided the document to Wade to deliver to Smith.

Defendant's argument that the trial court's verdict was contrary to the great weight of the evidence is primarily reliant on the trial court's evaluation of the credibility of the witnesses. Although some inconsistencies may exist between the testimony and the trial court's discussion of the testimony in its ruling, the contradictions are immaterial to establishing the elements of the crime. This case ultimately is reduced to a question of witness credibility, and the trial judge found James, Wade and Smith to be more credible than defendant. Issues of witness credibility are solely for determination by the trier of fact, absent the existence of exceptional circumstances. *People v Lemmon*, 456 Mich 625, 642-643; 576 NW2d 129 (1998). The *Lemmon* Court explained that exceptional circumstances exist where the testimony "contradicts indisputable physical facts or law," "is patently incredible or defies physical realities," "is material and is so inherently implausible that it could not be believed by a reasonable juror," or "has been seriously 'impeached' and the case marked by 'uncertainties and discrepancies.' " *Id*. at 643-644. Exceptional circumstances do not exist simply because the trial judge rejects "all or part of the testimony of a witness or witnesses." *Id*. at 644 (citation omitted).

Because defendant's contention that the trial court's verdict is contrary to the great weight of the evidence is premised primarily on the trial court's credibility determinations, the verdict was not against the great of the evidence. *Unger*, 278 Mich App at 232.

Defendant next asserts that MCL 752.795 is unconstitutionally vague, both as written and as applied. He contends the language of the statute is overly broad and fails to provide fair notice of the conduct proscribed.

To preserve an issue regarding the constitutionality of a statute, it must be raised in the trial court. *People v Russell*, 266 Mich App 307, 314; 703 NW2d 107 (2005). Defendant did not challenge the constitutionality of the statute in the trial court. Although his codefendant, Wade, did raise a constitutionality issue in the trial court, it pertained to MCL 752.505 and not the statute challenged in this issue, MCL 752.795. The issue is not preserved.

Questions involving the constitutionality of a statute are reviewed de novo. *Russell*, 266 Mich App at 310. Unpreserved constitutional issues are reviewed for plain error affecting a defendant's substantial rights. *Id*. at 314.

"Statutes are presumed to be constitutional and must be so construed unless their unconstitutionality is readily apparent." *People v Rogers*, 249 Mich App 77, 94; 641 NW2d 595 (2001). A statute is unconstitutionally vague when it "is overbroad, impinging on First Amendment freedoms, or it does not provide fair notice of the conduct proscribed, or it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed." *People v Hayes*, 421 Mich 271, 283; 364 NW2d 635 (1984) (citation and quotation marks omitted). The party challenging the statute has the burden to demonstrate that the statute is unconstitutional. *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500 (2004). Because First Amendment freedoms are not involved, this Court will not address whether the cited statutory provision is "overbroad." See *Russell*, 266 Mich App at 310.

A vagueness challenge that does not implicate First Amendment freedoms is examined in light of the facts of the particular case. *People v Lino*, 447 Mich 567, 575; 527 NW2d 434 (1994).

Further, statutes are not to be construed in a vacuum: the entire text of the statute is reviewed "to determine whether the requisite certainty exists." *Hayes*, 421 Mich at 284. A statute gives fair notice of the conduct it proscribes if a person of ordinary intelligence has a reasonable opportunity to know what is prohibited, so as to act accordingly. *Id.* Although a statute cannot use terms that require persons of ordinary intelligence to speculate as to its meaning, it "is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *People v Lueth*, 253 Mich App 670, 676; 660 NW2d 322 (2002).

The challenged statute, MCL 752.795 provides, in relevant part:

A person shall not intentionally and without authorization or by exceeding valid authorization do any of the following:

(a) Access or cause access to be made to a computer program, computer, computer system, or computer network to acquire, alter, damage, delete, or destroy property or otherwise use the service of a computer program, computer, computer system, or computer network.

In addition, MCL 752.792 and MCL 752.793 provide definitions for the relevant statutory terms "access," "computer," "computer network," "computer program," and "computer system." Given the extensive provision of definitions within the statutory scheme, defendant's contention that MCL 752.795 is vague on its face and fails to provide fair notice of the prohibited conduct is without merit. While the terms "intentionally, "without authorization," and "exceeding valid authorization" are not statutorily defined, the terms are neither unusual nor esoteric, nor does the statute use these terms in an uncommon or extraordinary context. See *Russell*, 266 Mich App at 311. Defendant's contention that the statute is unconstitutionally vague is without merit.

Similarly, defendant's contention that MCL 752.795 allows the trier of fact "unstructured and unlimited discretion to determine whether an offense has been committed" is also without merit. See *Russell*, 266 Mich App at 311. The statute is explicit in requiring a factfinder to find that a defendant has intentionally and without authorization obtained "access" to a "computer program, computer, computer system, or computer network to acquire, alter, damage, delete, or destroy property or otherwise use the service of a computer program. . . ." Once again, the vast majority of the terminology used in the statute is defined. As such, the statutory provision "is not vague on its face because it clearly and plainly sets forth the elements that the prosecutor must prove beyond a reasonable doubt and it does not leave the jury with unstructured and unlimited discretion in finding guilt." *Id.* at 312.

Finally, MCL 752.795 is not vague as applied in this case. "The proper inquiry is not whether the statute may be susceptible to impermissible interpretations, but whether the statute is vague as applied to the conduct allegedly proscribed in this case." *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998). Although defendant contends his access to the documents was inadvertent and unintentional, the Diamond's testimony indicates defendant conducted a

-6-

more purposeful search through Spokojny's email account culminating with his selecting, viewing and printing documents pertaining to a lawsuit that did not involve defendant. Testimony further indicated that defendant provided the documents to Wade to deliver to Smith. The evidence, therefore, is consistent with behaviors precluded by MCL 752.795, and the statute is not vague as applied to the circumstances of this case. Defendant's attempt to focus on specific combinations of terms in the statute to suggest that it is not applicable in his case is unavailing. "When interpreting statutory language, the language in question must be read as a whole, and individual words and phrases should be read in the context of the entire legislative scheme." *People v Glass*, 288 Mich App 399, 404; 794 NW2d 49 (2010) (citation and quotation marks omitted).

Finally, defendant's reliance on distinguishable federal caselaw is misplaced. In citing *United States v Nosal*, 676 F3d 854 (CA 9, 2012), defendant argues that the language of MCL 752.795, like that of the similar federal statute discussed in that case, is subject to an overbroad application and interpretation by prosecutors. First, we note that "[l]ower federal court decisions are not binding on this Court, but may be considered on the basis of their persuasive analysis." *People v Fomby*, 300 Mich App 46, 50 n 1; 831 NW2d 887 (2013). We do not find *Nosal* helpful because the Ninth Circuit Court construed the federal statute on the intent of Congress, giving an ambiguous statute a narrow interpretation. *Nosal*, 676 F3d at 858, 862-863. Unlike in *Nosal*, the prosecutor in the present case is not seeking to transform MCL 752.795 "from an anti-hacking statute into an expansive misappropriation statute." *Id.* at 857. In this instance, while there is an assertion that defendant did misappropriate the information obtained by providing documents to Smith via Wade, defendant's conviction is premised not on these actions. It is based on the unauthorized access into and exploration of Spokojny's email account. Violation of MCL 752.795 is based not only on simply violating a computer use policy restriction but rather encompasses accessing "intentionally and without authorization or by exceeding valid authorization . . . a computer program, computer, computer system, or computer network to acquire, alter, damage, delete, or destroy property or otherwise use the service of a computer program, computer, computer system, or computer network." Compare *Nosal*, 676 F3d at 857.

Defendant also asserts the trial court erred in improperly admitting other acts evidence under MRE 404(b). A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Unger*, 278 Mich App at 216. "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Preliminary questions of law involving the admissibility of evidence are reviewed de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

In general, all relevant evidence is admissible unless otherwise provided for in the court rules or the state or federal constitutions. MRE 402; *People v Yost*, 278 Mich App 341, 355; 749 NW2d 753 (2008). Evidence is deemed to be relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Even if evidence is relevant, however, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." MRE 403.

"Evidence of a person's character or a trait of character is not admissible for the purposes of proving action in conformity therewith." MRE 404(a). MRE 404(b)(1), however, permits the admission of other acts evidence when certain requirements are met. First, the evidence must be offered to prove something other than a character or propensity. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). Second, the evidence must be relevant as defined in MRE 402. *Id*. "Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403." *Knox*, 469 Mich at 509. And, if requested, a court may provide an instruction limiting the use of the other acts evidence to its proper purpose. *Id*.; MRE 105.

We agree with defendant that the evidence admitted pursuant to MRE 404(b) did not comport with the permissible uses of such evidence. As the trial court noted, the incident involving the small claims file was dissimilar to the behaviors involved in the acts charged. In addition, Terriol Johnson's testimony was not definitive regarding any wrongdoing by defendant in the mishandling of the small claims file; she merely recalled showing him the file and later being unable to locate the file. She did not assert any knowledge that he mishandled the file or caused it to go missing. As such, the challenged evidence did not show "a scheme, plan or system" or a high degree of similarity to the charged conduct.

Any error in determining admissibility, however, was eradicated by the trial court's clear indication that it found the evidence to be without any probative value and by limiting the testimony regarding the prior incident due to its lack of perceived value in evaluating defendant's guilt of the pending charges. Notably, Johnson's testimony and the prior incident were not cited or referenced by the trial court in its ruling and, therefore, cannot be construed as unduly prejudicial. Because the trial court served as the finder of fact and for the reasons noted, we find the improper admission of the MRE 404(b) evidence was harmless. "When a judge sits as the trier of fact, his verdict is presumed to be the result of a correct application of the law to the evidence presented." *People v Beard*, 171 Mich App 538, 543-544; 431 NW2d 232 (1988).

Finally, defendant argues on appeal that it was improper to allow Spokojny to address the court as a victim at sentencing. He further contends the trial court improperly increased his sentence of probation premised on Spokojny's statements and suggested the increased imposition of restitution based on costs Spokojny incurred. The prosecutor has indicated that defendant's probation has terminated, rendering the argument moot.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Although defendant objected at sentencing to Spokojny's being shown the presentence investigation report, he did not object to the sentence the trial court imposed or did he raise the issues asserted in this appeal, which are, therefore, unpreserved. "Unpreserved sentencing errors are reviewed for plain error affecting substantial rights." *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005).

This Court has routinely declined to address sentencing issues based on a defendant's having completed or served his minimum sentence. "Where a subsequent event renders it impossible for this Court to fashion a remedy, an issue becomes moot." *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994). Defendant's contention regarding the trial court's indication it would consider awarding additional restitution premised on Spokojny's

statements at sentencing is also not properly before this Court. "Only an actual dispute, properly raised at the sentencing hearing in respect to the type or amount of restitution, triggers the need to resolve the dispute by a preponderance of the evidence." *People v Grant*, 455 Mich 221, 243; 565 NW2d 389 (1997). In this instance, the trial court did not award defendant the restitution as challenged on appeal. This aspect of the issue is, therefore, rendered moot.

We affirm.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Kelly