*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERRI TAWANA FOXWORTH,

Defendant-Appellant.

UNPUBLISHED
September 10, 2019

No. 344490
Wayne Circuit Court
LC No. 17-008425-01-FC

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of voluntary manslaughter, MCL 750.321, for which she was sentenced to 10 to 15 years' imprisonment. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

At about 3:00 a.m. on July 26, 2017, Shawn Thomas picked up defendant and Alisha Crump outside a gas station in Inkster. Thomas offered defendant and Crump $50 worth of crack cocaine in exchange for sexual intercourse with both himself and his friend, and then took the women to his mother's home. After arriving, Thomas went into his garage, while defendant and Crump remained on the driveway with two of defendant's friends.

Defendant and Crump soon were engaged in a loud argument. Defendant claimed that there was a miscommunication with respect to how much crack cocaine the two women were to be paid. Defendant testified that the argument escalated, and Crump punched defendant and pulled a knife on her. Within minutes of when the argument began, defendant stabbed Crump, and both women ran off in opposite directions. No witness, other than defendant, claimed to see the altercation. Defendant asserted that she was acting in self-defense when she pushed Crump to the ground, which accidently caused the knife Crump was holding to go into Crump's shoulder. Crump eventually bled to death.

At the conclusion of trial, the jury found defendant guilty of voluntary manslaughter. Subsequently, the trial court sentenced defendant to the statutory maximum of 10 to 15 years' imprisonment. This sentence constituted a 20-month upwards departure from the minimum

sentencing guidelines range of 50 to 100 months. On appeal, Defendant argues that the trial court erred by imposing a sentence that unreasonably departed upward from the minimum sentencing guidelines range. Defendant argues that the sentence imposed was disproportionate to both the nature of the offense and the offender. We disagree.

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standards of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). See also *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017).

## III. ANALYSIS

"[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)]. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). The principle of proportionality, as described in *Milbourn*, "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 352 (quotation marks and citation omitted.) "[A] departure sentence may be imposed when the trial court determines that the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017).

Factors appropriately considered by a trial court when departing from the recommended guidelines range include:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted).]

"[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 661. When imposing a sentence that departs from the minimum guidelines range, a trial court is required to give " 'an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been.' " *Id*. at 525, quoting *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

Here, the trial court upwardly departed by 20 months from the minimum sentencing guidelines range: the guidelines were 50 to 100 months' imprisonment and the trial court sentenced defendant to 10 to 15 years' imprisonment. In departing from the minimum sentencing guidelines range, the trial judge first reasoned that in the past few years, defendant

was focused solely on herself, and would do anything it took to feed her heroin and cocaine addiction. The trial court specifically mentioned recent past convictions for writing a check without sufficient funds, driving on a suspended license, and unarmed robbery.

Any mention of defendant's past criminal convictions, on their own, would be inappropriate considerations in deciding to upwardly depart from the guidelines, as defendant's criminal history was already properly considered in the guidelines by prior record variable (PRV) 1, MCL 777.51 (prior high severity felonies), and PRV 2, MCL 777.52 (prior low severity felonies). Indeed, defendant was assessed 25 points for PRV 1, and 5 points for PRV 2. However, when the trial court's statements are viewed in context, it is clear that the trial court refers to these convictions in order to highlight that in recent years, defendant would do anything it took to feed her drug habit. This includes writing bad checks, committing robberies, and ultimately taking the life of Crump while fighting over crack cocaine. We conclude that the trial court's discussion of defendant's past criminal offenses related to the types of crimes defendant had been committing, which was a direct reflection of where defendant was in her addiction. This spoke directly to the circumstances surrounding defendant and the instant crime, a factor not adequately considered by the guidelines. *Walden*, 319 Mich App at 352-353.

Next, the trial court focused on the relationship between defendant and Crump, as well as the circumstances surrounding Crump's death:

> [T]his person is – supposedly was your friend, that you're with that night, that you – for $50.00 worth of crack cocaine – that you take a knife-like object. It never was quite clear exactly what that object was. But some type of knife[-]like object, and the depth of the cut that you, as the Prosecutor pointed out – if you shoot a gun you're away from someone. You're close to her.

> And you take a knife, or whatever it is, and you plunge that into her neck, chest area. Obviously knowing exactly what you're doing. There's no doubt in my mind that you knew what you were doing.

> You brutally plunged this knife[-]like object into a 23-year-old's neck and/or chest. And then as your friend is bleeding all over the place, what do you do? You turn and run away.

> * * *

> That tells me you are a serious, serious danger to society.

Clearly, defendant and Crump had some prior relationship or friendship, a factor not accounted for by the guidelines. Accordingly, the trial court appropriately considered the relationship between defendant and Crump when departing from the minimum sentencing guidelines range. *Walden*, 319 Mich App at 352-353. Similarly, the trial court's consideration of defendant's conduct immediately after the stabbing, i.e., leaving Crump to die knowing she was injured, was appropriate because it is a factor not taken into account in the guidelines. See *Walden*, 319 Mich App at 353-354, where this Court concluded that the trial court properly

considered the defendant's failure to assist the victim because this factor is not considered by the guidelines.

Finally, the trial court discussed the effect that Crump's death would have on Crump's immediate family, in particular her then seven-year-old daughter. However, the trial court's emphasis on the psychological impact of Crump's death on the members of her family is improper. A trial court may not justify an upward departure from the sentencing guidelines for reasons that are sufficiently covered by an offense variable (OV) or a PRV. *Dixon-Bey*, 321 Mich App at 524, 526. As in *Dixon-Bey*, the trial court here used psychological injury to family to justify a departure. In this case, the trial court assessed the maximum 15 points for OV 5, which addresses "[p]sychological injury to a member of a victim's family," MCL 777.35(1)(a), for causing "[s]erious psychological injury requiring professional treatment. . . to a victim's family." Although the trial court spoke at length about the impact of the victim's death on the victim's mother, sister, and seven-year-old daughter, it failed to articulate why OV 5 did not give adequate weight to this factor. Accordingly, we conclude that this was an improper consideration in upwardly departing from the minimum guidelines sentencing range. *Dixon-Bey*, 321 Mich App at 527.

Although the trial court's reliance on the psychological effect of Crump's death on her immediate family was inappropriate because OV 5 already properly considered it, we conclude that the trial court's remaining articulated reasoning was sufficient to justify imposing a 20-month departure sentence. Accordingly, we conclude that the trial court did not abuse its discretion by upwardly departing from the minimum sentencing guidelines range, and that the sentence imposed was reasonable and proportionate.

Briefly, we note that defendant argues that the trial court improperly took her age into consideration when departing from the sentencing guidelines, and that this is a violation of her due process and equal protection rights under the Fifth, Sixth, and Fourteenth Amendments. However, defendant's assertion lacks any supporting argument or explanation, and therefore we consider it abandoned. See *People v Russell*, 266 Mich App 307, 316; 703 NW2d 107 (2005), where that "defendant . . . fail[ed] to cite specific supporting authority on appeal. As such, [this Court] deem[ed] the issue abandoned."

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel

-4-